[No. 19600-6-I. Division One. January 20, 1988.]

THE STATE OF WASHINGTON, *Respondent,* v. JAMES MICHAEL TINDAL, *Appellant.*

*Dennis Benjamin,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *William Jaquette* and *Sally Stanfield, Deputies,* for respondent.

GROSSE, J.—James Michael Tindal appeals the amount of restitution imposed in his sentence for first degree theft.

Tindal pleaded guilty to the charge and the plea agreement contained a stipulation that the "real facts" for purposes of sentencing were as set forth in the certificate of probable cause. Essentially they are that as a result of Tindal's employment with Ace Fireworks, he was issued a company Union Oil credit card which he failed to return when his employment terminated. Between July 12, 1985, and September 30, 1985, Tindal ran up charges on the credit card amounting to $21,251. At the sentencing hearing, Tindal admitted to incurring charges against the card in the amount of $5,000. The court ordered restitution in the amount of $25,666.39.

Tindal initially argues that there is insufficient evidence to establish the amount of credit card loss at $25,666.39.[1] From the record before us we agree.

■ RCW 9.94A.370(2) provides:

> In determining any sentence, the trial court may rely on no more information than is admitted by the plea agreement, or admitted, acknowledged, or proved in a trial or at the time of sentencing. Acknowledgement includes not objecting to information stated in the presentence reports. Where the defendant disputes material facts, the court must either not consider the fact or grant an evidentiary hearing on the point. The facts shall be deemed proved at the hearing by a preponderance of the evidence. Facts that establish the elements of a more serious crime or additional crimes may not be used to go outside the presumptive sentence range except upon stipulation or when specifically provided for in RCW 9.94A.390(2)(c), (d), and (e).

In the case at bar, the certificate of probable cause set forth the amount of credit card loss as $21,251. Since this was incorporated by reference in the plea agreement it becomes fact. Accordingly, the preponderance of the evidence established $21,251 as the amount of credit card loss.

The discrepancy between that amount and the amount the trial court imposed as restitution appears to be for charges made at another gas station. RCW 9.95.210 limits the scope of restitution to the precise offense as charged. *State v. Mark,* 36 Wn. App. 428, 675 P.2d 1250 (1984). Restitution may not be based on acts connected with the crime charged when those acts are not part of the charge. *State v. Ashley,* 40 Wn. App. 877, 700 P.2d 1207 (1985).

---

[1]Subsequent to the filing of this appeal, the State moved to supplement the record pursuant to RAP 9.11(a) with copies of credit card invoices; log sheets demonstrating the credit card usage by date, amount and invoice numbers; the detectives' follow-up notes, as well as the investigative notes from Union Oil Company. The State argued that the trial court had at least some of this information before it in arriving at the amount of restitution. From the record before us it is impossible to determine exactly what the trial court had before it. The trial court is the better arena within which to establish these facts. Accordingly, we are not granting the State's motion to supplement the record.

In the alternative, Tindal argues that the amount of restitution cannot exceed the maximum fine allowed for the crime charged. RCW 9A.20.030 provides:

> (1) If a person has gained money or property or caused a victim to lose money or property through the commission of a crime, upon conviction thereof or when the offender pleads guilty to a lesser offense or fewer offenses and agrees with the prosecutor's recommendation that the offender be required to pay restitution to a victim of an offense or offenses which are not prosecuted pursuant to a plea agreement, *the court, in lieu of imposing the fine authorized for the offense under RCW 9A.20.020, may order the defendant to pay an amount, fixed by the court, not to exceed double the amount of the defendant's gain or victim's loss from the commission of a crime.* Such amount may be used to provide restitution to the victim at the order of the court. It shall be the duty of the prosecuting attorney to investigate the alternative of restitution, and to recommend it to the court, when the prosecuting attorney believes that restitution is appropriate and feasible. If the court orders restitution, the court shall make a finding as to the amount of the defendant's gain or victim's loss from the crime, and if the record does not contain sufficient evidence to support such finding the court may conduct a hearing upon the issue. For purposes of this section, the terms "gain" or "loss" refer to the amount of money or the value of property or services gained or lost.

(Italics ours.)

 Here, the statute under which Tindal was convicted provided a maximum penalty of 10 years' imprisonment and/or a fine of $20,000. RCW 9A.20.021(1)(b). Tindal argues that under RCW 9A.20.030 restitution can only be ordered "in lieu of" imposing a fine and that the fine, therefore, sets the maximum on the amount of restitution. It does not follow that because restitution may be ordered in lieu of a fine that it is limited to the amount of the fine. Indeed, the language of RCW 9.94A.140(1) makes clear that restitution is permitted for up to twice the amount of the victim's loss from the crime.

The imposition of restitution in an amount greater than the maximum fine provided is clearly permissible. Any other holding would render the words "not [to] exceed double the amount of the . . . victim's loss from the commission of the crime" meaningless and would be contrary to the rules of statutory construction. In the case at bar, the evidence does not establish the amount of the victim's loss at the figure chosen by the trial judge: $25,666.39. What the evidence appears to support is a figure for the loss of $21,251 which would bring the amount of restitution ordered within the jurisdiction of the sentencing court. However, the state of the record in the instant case does not enable this court to determine exactly what figure is established by a preponderance of the evidence. Therefore, we must remand for resentencing on the appropriate fact–finding of the actual amount of the victim's loss. Restitution may then be ordered for up to twice that amount.

This matter is reversed and remanded for resentencing.

WILLIAMS and WEBSTER, JJ., concur.