[No. 8448–5–III. Division Three. January 10, 1989.]

THE STATE OF WASHINGTON, *Respondent,* v. RICHARD WALTER POCKERT, *Appellant.*

*Carl Hueber* and *Winston & Cashatt,* for appellant.

*Donald C. Brockett, Prosecuting Attorney,* and *Ronald Skibbie, Deputy,* for respondent.

MUNSON, J.—Richard W. Pockert appeals his conviction for first degree arson. RCW 9A.48.020. He contends the court erred in: (1) making erroneous evidentiary rulings, (2)

imposing an exceptional sentence, and (3) refusing his request for an evidentiary hearing. We affirm his conviction, but remand for resentencing and to hold an evidentiary hearing on restitution.

Mr. Pockert met Cheryl McClelland in April 1986, and they started dating shortly thereafter. An intimate relationship ensued. Over the Fourth of July weekend, while on a boating trip in Idaho, the relationship crumbled and they stopped dating. On August 10 about 1 a.m., as a result of multiple, intentionally set fires, Ms. McClelland's home was burned. The following day, Mr. Pockert went to Valley General Hospital where he was treated for second degree burns which covered approximately 15 percent of his body; however, he refused to be admitted to the hospital. He was subsequently hospitalized.

Mr. Pockert was charged with first degree arson. At trial, the State presented evidence showing Mr. Pockert was seen by Ms. McClelland at an Idaho lake about 9 p.m. and was in her neighborhood shortly before the house burned at 1 a.m. He testified the night of the fire he did go to her house about 10:30 p.m. and left a note asking her to call him when she returned. He denied setting any fires. He testified he sustained his burns and injuries on August 11 while cleaning tools in his garage; he was using gasoline to clean some tools and it must have been set ablaze by a trouble light that fell into the gasoline.

A jury found Mr. Pockert guilty of first degree arson. He was sentenced to an exceptional sentence of 72 months; the standard range was 31 to 41 months. He appeals.

Mr. Pockert first asserts the court's erroneous evidentiary rulings denied him a fair trial. He asserts these rulings, when considered together, constitute reversible error.

The first challenged ruling occurred during the testimony of Dr. Richard Lorenz, a physician who treated Mr. Pockert at Valley General Hospital. During cross examination, the defense questioned Dr. Lorenz concerning Mr. Pockert's ability to tolerate pain and sought to obtain testimony

regarding Mr. Pockert's past injuries. The court sustained an objection by the prosecutor on the grounds of relevancy.

■ Whether evidence is relevant is governed by ER 401 and 402.[1] Here, the evidence the defense sought concerned past injuries not associated with the burns for which he was treated on August 11. Mr. Pockert asserts that his ability or inability to withstand pain is relevant to help establish when the burns occurred. The State asserts that allowing Mr. Pockert to dwell on his prior injuries would only engender sympathy for him with the jury. Whether evidence is admissible is left to the discretion of the trial court and will be reviewed to determine if the court's decision was manifestly unreasonable or based on untenable grounds. *Davis v. Globe Mach. Mfg. Co.,* 102 Wn.2d 68, 684 P.2d 692 (1984). After a review of the record, we agree with the trial court Mr. Pockert's past injuries had no bearing on the present burns. We find no abuse of discretion.

■ Mr. Pockert also objects to Ms. McClelland's testimony regarding statements made to her by Fred Eikstadt concerning his learning of the fire. These statements were informational only; but assuming arguendo they were error, it would not be constitutional error. Thus, we apply the rule "that error is not prejudicial unless, within reasonable probabilities, had the error not occurred, the outcome of the trial would have been materially affected." *State v. Cunningham,* 93 Wn.2d 823, 831, 613 P.2d 1139 (1980); *State v. Hancock,* 46 Wn. App. 672, 678, 731 P.2d 1133 (1987), *aff'd,* 109 Wn.2d 760, 748 P.2d 611 (1988). The statement did not materially affect the trial outcome; there was no error.

---

[1] ER 401 reads:

"'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

ER 402 reads:

"All relevant evidence is admissible, except as limited by constitutional requirements or as otherwise provided by statute, by these rules, or by other rules or regulations applicable in the courts of this state. Evidence which is not relevant is not admissible."

Next, Mr. Pockert assigns error to the State's questioning of Ms. McClelland's next door neighbor about a vehicle she saw. He asserts the court improperly commented on the evidence in violation of article 4, section 16 of the Washington State Constitution. The defense objected when the court asked Ms. Porter: "Again, so I am right on the top, when you seen [*sic*] this Mustang that backed up and turned away, when was that?" He asserts that Ms. Porter did not definitely say the car was a Mustang. The court shortly thereafter gave the following curative instruction to the jury: "THE COURT: Let the record reflect if I insinuated it was a Mustang, I am not one to give witness on that, so disregard making such a remark."

■ The purpose of Const. art. 4, § 16, which prohibits comments on the evidence by the court, is to prevent the jury from being influenced by the court's opinions on the evidence and hence its application is strict. *Seattle v. Arensmeyer,* 6 Wn. App. 116, 491 P.2d 1305 (1971). A comment on the evidence does not take place unless the judge conveyed his or her personal opinion regarding the truth or falsity of any evidence introduced at trial to the jury. *State v. Renfro,* 28 Wn. App. 248, 622 P.2d 1295 (1981), *aff'd,* 96 Wn.2d 902, 639 P.2d 737, *cert. denied,* 459 U.S. 842 (1982). Here, Ms. Porter testified prior to the court's questioning that she believed the car was a Mustang. A review of the record shows that the court was merely trying to clarify the witness' testimony. Such questioning does not constitute improper comments on the evidence. *See generally State v. Johnson,* 74 Wn.2d 567, 445 P.2d 726 (1968). Furthermore, Mr. Pockert testified he drove a Mustang to the house when he left the note (which was never found). There was no error.

■ Mr. Pockert also objects to the court's "rebuking" of defense counsel during closing argument, *i.e.,* the court instructed counsel to argue from the facts that had been presented. If he is asserting that the rebuking constituted an improper comment on the evidence, it was not; the

court's statement was a ruling on an objection and, therefore, would not constitute comment on the evidence. *State v. Willis,* 67 Wn.2d 681, 409 P.2d 669 (1966). The court's ruling on the objection did not restrict him from arguing the defense's theory of the case, *i.e.,* that the fire was set by someone else in an attempt to commit a burglary. He was neither curtailed from his right to closing argument nor to argue his theory of the case. There was no error.

Pro se Mr. Pockert objects to the admission of a videotaped deposition of Walter Eugene Fowler. He cites no authority to support this contention. He asserts the edited version of the tape deprived the jury of reviewing crucial impeachment testimony. We reviewed the tape; the excluded portion would have been detrimental to Mr. Pockert. This contention is without merit. *Davis v. Globe Mach. Mfg. Co., supra.*

Next, Mr. Pockert asserts there were not sufficient grounds to warrant an exceptional sentence. The trial court made findings for an exceptional sentence, namely, (1) deliberate cruelty to the victims; (2) the crime constituted a major economic offense; and (3) there was a potential for great harm to innocent parties. RCW 9.94A.210(4) provides the statutory authority for an appellate court to reverse an exceptional sentence. The necessary guidelines for reviewing sentences which fall within RCW 9.94A.210(4)(a) were set forth in *State v. Fisher,* 108 Wn.2d 419, 423, 739 P.2d 683 (1987).

Mr. Pockert asserts each of these factors were taken into account when computing the standard range for first degree arson. First degree arson is defined by RCW 9A.48.020 which provides in pertinent part:

Arson in the first degree. (1) A person is guilty of arson in the first degree if he knowingly and maliciously:

(a) Causes a fire or explosion which is manifestly dangerous to any human life, including firemen; or

(b) Causes a fire or explosion which damages a dwelling; or

(c) Causes a fire or explosion in any building in which there shall be at the time a human being who is not a participant in the crime; or

(d) Causes a fire or explosion on property valued at ten thousand dollars or more with intent to collect insurance proceeds.

█ The first aggravating factor mentioned by the court was deliberate cruelty to the victims in that Mr. Pockert was extremely agitated because of the breakup of the relationship and was "getting even" with Ms. McClelland. Malice is an element of the crime and is defined by RCW 9A.04.110(12), in pertinent part: "'Malice' and 'maliciously' shall import an evil intent, wish, or design to vex, annoy, or injure another person." Here, this conduct is within the definition of an element of the crime.

The second aggravating factor mentioned by the court was that the crime constituted a major economic offense. The basis was that the damage to Ms. McClelland's property was approximately $100,000 and that the crime involved a high degree of planning and sophistication. RCW 9A.48.020(1)(d) places a $10,000 minimum requirement of damage but no maximum. From the record before us, we cannot say these damages were more egregious than a normal arson situation. While planning and sophistication are recognized grounds for imposing an exceptional sentence, RCW 9.94A.390(2)(c)(iii); *State v. Baker,* 40 Wn. App. 845, 700 P.2d 1198 (1985), one can reasonably anticipate a degree of planning and sophistication in a first degree arson case. The actions here did not go beyond what one might contemplate. *State v. Dunaway,* 109 Wn.2d 207, 743 P.2d 1237 (1987).

The third aggravating factor mentioned was a great potential for harm or death to individuals. This is an element of the statutory language of the crime charged; as such it cannot be used to support an aggravated sentence. *See State v. Nordby,* 106 Wn.2d 514, 723 P.2d 1117 (1986); *State v. Hobart,* 34 Wn. App. 187, 659 P.2d 557, *review denied,* 99 Wn.2d 1017 (1983).

The next reason given was that the crime involved multiple victims, in that, in addition to Ms. McClelland, two others lived there. The record indicates Mr. Pockert knew all three residents of the home were in Idaho on a holiday. The number of persons living in a dwelling is immaterial for we note that this offense is completed whether the dwelling is occupied or not.

Having found that none of the findings support the imposition of an exceptional sentence, we are constrained to remand for resentencing.

Finally, Mr. Pockert contends the court erred in denying his request for an evidentiary hearing as to restitution. He relies on RCW 9.94A.370(2) which states:

> In determining any sentence, the trial court may rely on no more information than is admitted by the plea agreement, or admitted, acknowledged, or proved in a trial or at the time of sentencing. Acknowledgment includes not objecting to information stated in the presentence reports. Where the defendant disputes material facts, the court must either not consider the fact or grant an evidentiary hearing on the point. The facts shall be deemed proved at the hearing by a preponderance of the evidence. Facts that establish the elements of a more serious crime or additional crimes may not be used to go outside the presumptive sentence range except upon stipulation or when specifically provided for in RCW 9.94A.390(2) (c), (d), and (e).

*See State v. Wood,* 42 Wn. App. 78, 709 P.2d 1209 (1985) (an evidentiary hearing is required when facts are disputed for sentencing purposes), *review denied,* 105 Wn.2d 1010 (1986).

■ This issue was recently addressed in *State v. Tindal,* 50 Wn. App. 401, 748 P.2d 695 (1988). The court held the trial court, before requiring a defendant to pay restitution, must accurately determine the amount of the victim's loss either by the defendant's admission or acknowledgment or as provided by a preponderance of the evidence. Here, the court found that the amount of loss suffered by Ms. McClelland amounted to $118,796.62. Mr. Pockert agreed

to a figure before the hearing; when he came before the court, he declined to stipulate to it. Because of the prior agreement, the State did not have its witnesses available to present its testimony. Consequently, a remand is necessary to hold the requisite evidentiary hearing to accurately determine the amount of restitution.

The conviction is affirmed, but the case is remanded for resentencing and an evidentiary hearing regarding restitution consistent with this opinion.

THOMPSON, C.J., and SHIELDS, J., concur.