[Nos. 33607-0-I; 35017-0-I; Division One. July 31, 1995.] 34293-2-I.

THE STATE OF WASHINGTON, *Respondent*, v. RONALD SHAWN RYAN, *Appellant*.

THE STATE OF WASHINGTON, *Respondent*, v. MICHAEL W. TATON, *Appellant*.

*Dmitri L. Iglitzin*, for appellant Ryan.
*Nielson & Acosta*, for appellant Taton.

*Edward E. Stemler* and *Seth Fine*, for respondent.

COLEMAN, J. — In this consolidated appeal, Michael Taton and Ronald Ryan ask us to decide whether constitutional and statutory requirements are met when the trial court enters, as part of a criminal sentence, an ex parte order of restitution with the proviso that the defendant may have a restitution hearing if he or she objects to the amount that has been set. We find that restitution was not determined within mandatory time limits in the present cases and vacate the order of restitution entered with respect to Taton. Because Ryan acknowledged part of the restitution set in connection with his crimes, we vacate only the portion of restitution to which he objected. In addition, we are asked to review the exceptional sentence Ryan received for two counts of second degree burglary based on break-ins at a funeral home in which he made sexual contact with several corpses. We find no error and affirm his sentence.

In December 1993, Taton pleaded guilty to one count of vehicular homicide and one count of vehicular assault after an incident in which the truck he was driving struck a tree, killing one passenger and seriously injuring another. In his guilty plea, Taton agreed to pay restitution for property damage and medical, funeral, and burial costs. At sentencing in February 1994, the trial court ordered restitution in an amount to be established by separate order. Approximately six weeks later, the trial court entered an ex parte order setting restitution at $99,454. The order advised Taton that "[a] defendant objecting to the total amount shown must file a motion for a restitution hearing with the Court Clerk, and serve a copy on the Prosecuting Attorney. Defendant must contact the Judge or the Judge's bailiff to schedule a hearing on the motion". Taton filed an objection two weeks after the order was entered but did not seek to schedule a hearing.

In January 1993, Ryan broke into the same funeral home twice within six days and damaged property, stole

items, and made sexual contact with corpses. He was convicted of two counts of second degree burglary and one count of first degree malicious mischief. At sentencing, the trial court ordered Ryan to pay restitution in an amount to be established by separate order. One month later, the court entered an ex parte order setting restitution at $20,323. The order instructed Ryan to move for and schedule a restitution hearing if he objected to the amount.

Three weeks after the order was entered, Ryan filed an "Objection to Order Establishing Restitution" but did not file a motion for, or otherwise request, a restitution hearing. After another four months had passed, Ryan requested a restitution hearing. He objected to the amount of attorney fees, $10,130, but did not challenge the other expenses for which restitution had been ordered. At two subsequent hearings, the parties divided the funeral home's legal expenses into three categories, relating to (1) Ryan's criminal prosecution, (2) civil actions brought against the funeral home after his arrest, and (3) media coverage of his crimes. Ryan's counsel argued that fees in the second and third categories were not directly related to Ryan's acts and therefore should not be considered in setting the amount of restitution. The court found the legal fees a reasonable consequence of Ryan's crimes and set restitution at $19,072.

Under RCW 9.94A.142(1), "[w]hen restitution is ordered, the court shall determine the amount of restitution due at the sentencing hearing or within sixty days". This determination must be accurate and may be accomplished by either (1) the defendant's admission or acknowledgment or (2) a preponderance of the evidence. *State v. Pockert*, 53 Wn. App. 491, 498, 768 P.2d 504 (1989) (citing *State v. Tindal*, 50 Wn. App. 401, 748 P.2d 695 (1988)). The second method ensures that the trial court has a reasonable basis for estimating the amount of the victim's loss; when the record does not contain appropri-

ate evidence, the trial court must hold an evidentiary hearing. *Tindal*, 50 Wn. App. at 405; *State v. Raleigh*, 50 Wn. App. 248, 254, 748 P.2d 267, *review denied*, 110 Wn.2d 1017 (1988). We are asked to consider whether the restitution-setting procedure employed in these cases satisfies both statutory time limits and due process requirements. Because we find that restitution was not ordered within the mandatory time frame, we need not decide the constitutional issue. *State v. Zakel*, 119 Wn.2d 563, 567, 834 P.2d 1046 (1992).

In the restitution-setting approach at issue here, the amount of restitution is not "determined" within the meaning of the statute until an objecting defendant receives a restitution hearing. The State acknowledges that an ex parte restitution order is final and enforceable only if the defendant does not object to the amount. If the defendant fails to object, the amount of restitution is deemed acknowledged. *Pockert*, 53 Wn. App. at 498; *Tindal*, 50 Wn. App. at 403 (citing RCW 9.94A.370(2)). When the defendant objects to the amount set in an ex parte restitution order, the State bears the burden of proving the amount of the victim's loss, and the defendant is afforded an opportunity to rebut the State's evidence. The difficulty with the restitution-setting procedure as applied here arises because the ex parte order does not establish a deadline by which an offender must object or be considered to have acknowledged the amount of restitution. A defendant could schedule a hearing one week, one month, or even one year after sentencing, a fact the State concedes. The State provides no authority for its argument that the defendant bears the burden of ensuring that restitution is accurately determined within statutory constraints even though the procedure set out in the ex parte order does not include a deadline for objecting.

The statutory requirement that the trial court determine restitution within 60 days[1] of sentencing is

[1]Effective July 1995, the time limit imposed by RCW 9.94A.142(1) is 180 days, which the trial court will be allowed to extend for good cause. 1995

mandatory, not directory. *State v. Krall*, 125 Wn.2d 146, 881 P.2d 1040 (1994). Because a hearing is necessary to accurately make an appropriate determination when a defendant objects to the amount set in the ex parte order, the restitution hearing must be held within 60 days of sentencing. The State unconvincingly argues that the statute grants the trial court the power to correct procedural infirmities by modifying an ex parte order after a hearing. Although RCW 9.94A.142(1) allows restitution to be modified as to its amount, terms, and conditions for 10 years following either the offender's release from confinement or entry of judgment and sentence, the trial court's ability to modify an order of restitution does not impact its initial obligation to accurately determine the amount within 60 days of sentencing.

The statutory time constraint was not observed for either Taton or Ryan. Even if Taton had requested a restitution hearing, it is unlikely that one would have been held within the statutory time frame. The trial court entered the ex parte order six weeks after sentencing him, and Taton filed an objection two weeks later. Only a few days remained of the time period for entering an order of restitution. Therefore, we agree with Taton that remand would be of no practical value because further proceedings would occur outside the statutory time limit. With regard to Ryan, the parties agree that the ex parte order was entered within the statutory time frame but that the second order was not. Ryan objected to a portion of the $10,130 attorney fees included in the ex parte restitution order. He did not object to the remainder of the restitution ordered; those amounts are therefore deemed acknowledged. Thus, only that portion of the restitution order corresponding to the second and third categories of legal expenses was determined outside the statutory time limit and must be vacated. In light of this disposition, we need not address Ryan's remaining arguments regarding

Substitute House Bill 1047. Although the statute provides for the amendments to apply retroactively in certain circumstances, such circumstances are not present here.

the appropriateness of legal fees as restitution and his absence at the second restitution hearing.

Taton's order of restitution is vacated. The portion of Ryan's order of restitution representing the legal expenses to which Ryan objected is vacated. The remainder of Ryan's restitution order and his exceptional sentence are affirmed.

The remainder of this opinion has no precedential value. Therefore, it will be filed for public record in accordance with the rules governing unpublished opinions.

SEINFELD, C.J., and WEBSTER, J., concur.

Review denied at 128 Wn.2d 1006 (1995).