

2016 JUL 25 PM 12: 19

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 73341-9-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LISA DAWN HERNANDEZ, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: July 25, 2016 |
| | ) | |

VERELLEN, C.J. — The Washington Supreme Court has held that the Sixth Amendment does not require a jury determination of restitution. We are bound by this holding unless and until the Washington Supreme Court or the United States Supreme Court rules otherwise. Neither court has done so. Accordingly, Lisa Hernandez was not entitled to a jury determination of restitution upon her conviction of assault in the third degree. Also, because she did not object at trial to the amount of restitution for medical expenses, appellate review of that issue is precluded. The issues Hernandez raises in her statement of additional grounds for review (SAG) involve facts and evidence not in the record and are not properly raised in a SAG. We affirm Hernandez's conviction. We do not award costs on appeal.

## FACTS

In May 2014, Renton police officers were dispatched to the scene of a stabbing and found Levi Whidden lying on the ground with a stab wound to the chest.

A few minutes after the officers were dispatched, Hernandez called 911 and reported that she had been sexually assaulted 10 minutes earlier.

At the police station, Hernandez told detectives she had fallen asleep on the bus and decided to get off at the Renton Transit Center. She asked an unknown male, later identified as Whidden, for a ride and got in his car. Hernandez told the detectives that the male tried to sexually assault her but was unable to reach her because she was sitting in the back seat. She said she immediately got out of the car, called 911, and the car drove away.

A surveillance video at the transit center showed Hernandez getting in the front passenger seat of a car and the car driving away. According to Whidden, Hernandez got into his car and tried to reach for cash and marijuana in the center console. He grabbed her arm to try to stop her, and she then got out. Whidden also got out and walked to the back of the car where Hernandez was standing. Hernandez then stabbed Whidden.

On January 20, 2015, Hernandez was charged with assault in the third degree. She entered a plea of guilty to assault in the third degree, stating, "On May 24, 2014 in King Co. WA with criminal negligence, I did cause bodily harm to Levi Whidden by stabbing him with a knife."[1] In the plea agreement, Hernandez agreed to pay restitution in an amount to be determined.

On February 13, 2015, the trial court entered judgment on Hernandez's guilty plea. The court sentenced Hernandez to 60 days in jail, with credit for 30 days

---

[1] Clerk's Papers at 19.

served and the remaining 30 days converted to 240 hours of community service. The court also ordered restitution to be determined at a future restitution hearing and waived all nonmandatory legal financial obligations.

On May 14, 2015, the State filed restitution documentation. The State sought restitution in the amount of $941.16 for Whidden. In support, the State submitted a victim loss statement itemizing Whidden's clothing and boots that were damaged in the assault and the items' value. The State also sought restitution in the amount of $25,827.43 for the state Health Care Authority (HCA). In support, the State submitted a copy of HCA's ledger showing payments made in connection with Whidden's medical care.

A restitution hearing was held on July 16, 2015. Hernandez objected to the request for $747 to replace Whidden's cowboy boots. Hernandez did not, however, object to the request for restitution for HCA's expenses. Her counsel stated:

> Your Honor, with respect to the medical costs, the $25,827.43, I reviewed the information, the itemized list provided as part of the restitution packet. It appears to be directly related to the injury that was sustained during the incident, so I don't think the defense can object to that, because I think that the State has shown a nexus for that.[2]

The court granted the State's request for restitution for Whidden for all items requested except the cowboy boots and granted the State's request for the HCA's medical expenses. The court awarded $194.16 in restitution to Whidden and $25,827.43 to HCA.

---

2 Report of Proceedings (RP) (July 16, 2015) at 5-6.

Hernandez timely appealed. The trial court authorized an appeal in forma pauperis, finding that Hernandez was unable by reason of poverty to pay for any of the expenses of appellate review or to contribute anything toward the cost of appellate review. After the restitution hearing, Hernandez moved this court for an order expanding the scope of her notice of appeal to include review of the order of restitution. We granted Hernandez's motion to expand the scope of her notice of appeal.

## ANALYSIS

*Restitution*

Hernandez argues that she is entitled to a jury determination of the facts necessary to set a restitution amount. The State contends that Hernandez failed to preserve this issue for appellate review and cannot raise it for the first time on appeal because it is not a manifest error affecting a constitutional right.

Generally, a party may not raise an argument on appeal that the party did not present to the trial court.[3] "No procedural principle is more familiar than that a constitutional right, or a right of any other sort, may be forfeited in criminal cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it."[4]

An exception to this rule allows a party to raise for the first time on appeal a manifest error affecting a constitutional right.[5] This exception does not, however,

---

[3] State v. Stoddard, 192 Wn. App. 222, 226-27, 366 P.3d 474 (2016); RAP 2.5(a).

[4] Id. at 226.

[5] RAP 2.5(a)(3).

allow for review of Hernandez's argument. In <u>State v. Kinneman</u>, the Washington Supreme Court squarely rejected the argument that the Sixth Amendment requires a jury determination of restitution.[6] The court held that "[t]here is no right to a jury trial to determine facts on which restitution is based under RCW 9.94A.753."[7]

We reject Hernandez's argument that the United State Supreme Court's opinion in <u>Apprendi v. New Jersey</u>[8] and its progeny compel a departure from <u>Kinneman</u>. Under <u>Apprendi</u>, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."[9] The United States Supreme Court has held that <u>Apprendi</u> applies to criminal fines[10] and that any fact that increases the mandatory minimum penalty for a crime is an "element" that must be submitted to the jury.[11] The United States Supreme Court has not, however, held that <u>Apprendi</u> applies to restitution.

A decision by the Washington Supreme Court is binding on all lower courts in the state.[12] "It is error for the Court of Appeals not to follow directly controlling

---

[6] 155 Wn.2d 272, 119 P.3d 350 (2005).

[7] <u>Id.</u> at 282.

[8] 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000).

[9] <u>Id.</u> at 490.

[10] <u>Southern Union Co. v. United States</u>, ___ U.S. ___, 132 S. Ct. 2344, 2348-49, 183 L. Ed. 2d 318 (2012).

[11] <u>Alleyne v. United States</u>, ___ U.S. ___, 133 S. Ct. 2151, 2155, 186 L. Ed. 2d 314 (2013).

[12] <u>State v. Pedro</u>, 148 Wn. App. 932, 950, 201 P.3d 398 (2009).

authority by the Supreme Court."[13] <u>Kinneman</u> is directly controlling authority. Under <u>Kinneman</u>, Hernandez is not entitled to a jury determination of the facts necessary to set a restitution amount.[14]

Hernandez also argues, by characterizing restitution as "damages," that she is entitled to a jury determination of restitution under article I, section 21 of the Washington Constitution, which requires that the right to trial by jury remain inviolate. In support of her argument, Hernandez relies on <u>Sofie v. Fibreboard Corp.</u>[15] <u>Sofie</u> is a civil case holding that a statute placing a limit on noneconomic damages was unconstitutional because it interfered with the jury's traditional function to determine damages.[16] Hernandez provides no authority to support her argument that the article I, section 21 analysis in <u>Sofie</u> applies in a criminal setting to the determination of restitution. We reject her argument.

Hernandez next argues that the State failed to prove the HCA's medical expenses with sufficient specificity to support the restitution award. But Hernandez failed to object to the amount of medical expenses at the restitution hearing and, in fact, stated that the amount claimed "appears to be directly related to the injury that

---

[13] <u>Id.</u>

[14] The United States Supreme Court's decision in <u>United States v. Booker</u>, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), does not compel a contrary conclusion. The court in <u>Kinneman</u> explicitly held that restitution "does not require jury fact-finding under the post-<u>Blakely</u> decision" in <u>Booker</u>. <u>Kinneman</u>, 155 Wn.2d at 281 (referring to <u>Blakely v. Washington</u>, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004)).

[15] 112 Wn.2d. 636, 771 P.2d 711, 780 P.2d 260 (1989).

[16] <u>Id.</u> at 638.

was sustained during the incident".[17] Where a defendant fails to object, the amount of restitution is deemed acknowledged.[18] Hernandez's failure to raise either a general objection to restitution or a specific objection to the items challenged on appeal precludes appellate review of her challenge to the award of restitution to HCA for medical expenses.[19]

*Costs on Appeal*

Hernandez argues that if the State is the substantially prevailing party on appeal, we should not impose costs against her because she is indigent. The State did not respond to Hernandez's argument.

Appellate courts may require an adult offender convicted of an offense to pay appellate costs.[20] The commissioner or clerk will award costs to the State if the State is the substantially prevailing party on appeal, "unless the appellate court directs otherwise in its decision terminating review."[21]

A determination of a criminal defendant's indigency is entrusted to the trial judge, whose finding of indigency we respect unless we are shown good cause not to do so.[22] Under the Rules of Appellate Procedure, where a party has been granted an order of indigency, the party and the party's counsel must bring to the attention of the trial court any significant improvement during review in the party's financial

---

[17] RP (July 16, 2015) at 6.

[18] State v. Ryan, 78 Wn. App. 758, 762, 899 P.2d 825 (1995).

[19] State v. Harrington, 56 Wn. App. 176, 181, 782 P.2d 1101 (1980).

[20] RCW 10.73.160(1).

[21] RAP 14.2.

[22] State v. Sinclair, 192 Wn. App. 380, 393, 367 P.3d 612 (2016).

condition.[23] We "will give a party the benefits of an order of indigency throughout the review unless the trial court finds the party's financial condition has improved to the extent that the party is no longer indigent."[24]

Hernandez filed a declaration of indigency. The trial court issued an order with supporting findings authorizing Hernandez to appeal in forma pauperis. The trial court has not found that Hernandez's financial condition has improved or is likely to improve. We therefore presume that Hernandez remains indigent.[25] Under these circumstances, we conclude that an award to the State of appellate costs is not appropriate.

### Statement of Additional Grounds for Review

Hernandez raises several issues in her SAG. She contends her counsel failed to attempt to find a record of a 911 call she claims to have made while in Whidden's car and also made misstatements to her about whether Whidden did or did not want to testify. She also argues that the police improperly conducted their investigation into the stabbing and that she was not arraigned within the required time. These issues involve facts and evidence not in the record. Accordingly, these issues are properly raised in a personal restraint petition, not a SAG.[26] Finally, Hernandez states that her counsel failed to try to find a surveillance video showing her asleep on

---

[23] RAP 15.2(f).

[24] Id.

[25] Sinclair, 192 Wn. App. at 393; RAP 15.2(f).

[26] State v. Alverado, 164 Wn.2d 556, 569, 192 P.3d 345 (2008).

a bus. But evidence that Whidden was sleeping on a bus is not relevant to the charge and conviction of assault in the first degree.

## CONCLUSION

We affirm. We do not award costs on appeal.

WE CONCUR:

Trickey, J.

Cox, J.