IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 79359-4-I |
| | ) | |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| TRAVIS CARSONDEAN PENDLEY, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: March 2, 2020 |
| | ) | |

MANN, A.C.J. — Travis Pendley challenges the restitution order entered after his guilty plea. Pendley contends that he did not have notice of the hearing, was not appointed counsel, and that the court ordered restitution that is not authorized by statute. We vacate the restitution order.

I.

Pendley pleaded guilty to murder in the second degree and theft of a firearm. The court sentenced him to 250 months of confinement. The State notified Pendley at his guilty plea that the State would seek restitution from him. The judgment and sentence entered April 27, 2018, noted the prosecution would seek an unknown amount of restitution at a date that had not yet been determined and the "[d]efendant waives right to be present at future restitution hearings."

On July 23, 2018, Pendley filed a pro se notice of appeal and requested additional time to file even though the 30-day deadline had passed. In his request for additional time, he noted that he had a conflict with his original attorney because he was "falsely advised by counsel [he] had no right to direct appeal due to [his] guilty plea." Attorney Daniel Pelka had represented Pendley during plea negotiations and through entry of the judgment and sentence but withdrew from representation on May 6, 2018. The Department of Public Defense appointed Brian Beattie, who filed a notice of appearance on August 2, 2018. Beattie withdrew from representing Pendley on August 30, 2018.[1]

On August 28, 2018, the State sent a notice of restitution hearing to Pelka even though Pelka had withdrawn from representing Pendley in May. The notice indicated, "[a] restitution hearing date has not been set for the defendant listed above," that the "Port Gamble S'Klallam Tribe requests $1,535.90 in victim James R Smith funeral expenses" and Pelka should "review, sign, and return the Order Setting Restitution" by August 24, 2018. The notice stated that if Pelka did not reply, a restitution hearing would be automatically set. The State's proposed order listed Beattie as attorney for Pendley, yet the State served Pelka with the restitution packet.

On September 5, 2018, the State filed a notice setting a restitution hearing for September 14, 2018. On September 14, 2018, the court ordered restitution to the Port Gamble S'Klallam Tribe for $1,535.90. The signature line on the order for Pendley's attorney listed Beattie and was unsigned.

---

[1] Pendley's appeal from his guilty plea is proceeding separately under case number 78752-7-I.

On September 19, 2018, Pelka filed a motion for reconsideration of the restitution order. In Pelka's declaration of counsel, he noted that he was the assigned attorney for Pendley, and that on August 28, 2018 he sent the proposed restitution and supporting documentation to Pendley for his review and instruction on how to proceed.[2] Pelka also stated that on September 11, 2018, he received correspondence from Pendley and that Pendley wished to object to the imposition of restitution, but in his motion for reconsideration, Pelka did not did not inform the court that he was longer appointed as Pendley's counsel. The court denied Pendley's motion for reconsideration, finding that the funeral and burial expenses were legally appropriate and that the defendant's ability to pay is not a factor the court can consider.

Pendley appeals the restitution order.

## II.

Pendley challenges the entry of the restitution order because the court entered the order ex parte, the State did not send Pendley notice of the proposed restitution order, and Pendley was not represented by counsel at the time of the order's entry. We agree.

Under RCW 9.94A.753, "[w]hen restitution is ordered, the court shall determine the amount of restitution due at the sentencing hearing or within one hundred eighty days." The court's determination of restitution "must be accurate and may be accomplished by either (1) the defendant's admission or acknowledgement or (2) a preponderance of the evidence." State v. Ryan, 78 Wn. App. 758, 761, 899 P.2d 825 (1995). "The second method ensures that the trial court has a reasonable basis for

---

[2] Despite Pelka's declaration, he never filed a notice of appearance after his notice of withdrawal.

estimating the amount of the victim's loss; when the record does not contain appropriate evidence, the trial court must hold an evidentiary hearing." Ryan, 78 Wn. App. at 762. "An ex parte restitution order is final and enforceable only if the defendant does not object to the amount. If the defendant fails to object, the amount of restitution is deemed acknowledged." Ryan, 78 Wn. App. at 762.

The issue presented here is whether a restitution order sent to an attorney who has withdrawn from representation is adequate notice to the defendant. When no notice of a restitution hearing is given to the defendant, the order entered is invalid. State v. Saunders, 132 Wn. App. 592, 608, 132 P.3d 743 (2006). "A lawyer shall be provided at every stage of the proceedings, including sentencing, appeal, and post-conviction review. A lawyer initially appointed shall continue to represent the defendant through all stages of the proceedings unless a new appointment is made by the court following withdrawal of the original lawyer." CrR 3.1(b)(2).

The State concedes, "Pendley did not have a chance to timely object to the restitution order due to confusion over who was representing him at the time." The record supports the State's concession. When the order was entered, Pendley was not represented by counsel. Since Pendley did not have a chance to object to the restitution order, the State did not prove restitution by admission or acknowledgement and therefore the order was not final or enforceable.

The issue remains as to the remedy. The State requests that we remand for entry of a new restitution order. Pendley objects, contending the trial court does not have authority to enter a new restitution order beyond the statutory 180-day limit.

-4-

Under RCW 9.94A.753(1), the court has 180 days to enter a restitution order. Unless a continuation is requested and granted, the court does not have authority to enter a restitution order after the 180 days have passed. RCW 9.94A.753(1) ("The court may continue the hearing beyond the one hundred eighty days for good cause."); Saunders, 132 Wn. App. at 608 (citing State v. Tetreault, 99 Wn. App 435, 437, 998 P.2d 330 (2000)). Since the initial order was invalid, the trial court does not have authority to order a restitution hearing beyond the statutory 180-day limit, and no request for extending the period was made before that period expired. Saunders, 132 Wn. App. at 608.

We vacate the order of restitution.[3]

_____
Mann, ACJ

WE CONCUR:

_____        _____
Chun, J.                                Smith, J.

_____
[3] Since we are vacating the restitution order and a new order cannot be entered, we decline to reach the parties' arguments about whether the court entered costs authorized under the statute.