[No. 60507-6. En Banc. October 20, 1994.]

THE STATE OF WASHINGTON, *Respondent*, v. JEFFREY DONALD KRALL, *Appellant*.

---

*John R. Muenster, Inc., P.S.*, by *John R. Muenster*, for appellant.

*Norm Maleng, Prosecuting Attorney*, and *Daniel J. Soukup, Deputy*, for respondent.

BRACHTENBACH, J. — This is a direct appeal from an order of restitution. We reverse.

The only issue is whether the trial court may order restitution more than 60 days after sentencing when the statute provides: "When restitution is ordered, the court *shall* determine the amount of restitution due at the sentencing hearing or *within sixty days*." (Italics ours.) RCW 9.94A.142(1).

The Judgment and Sentence did not set restitution, but provided: "If State seeks restitution, it shall be by motion and hearing." Clerk's Papers, at 6. The State did not seek a hearing until more than 60 days after sentencing. The hearing was first scheduled for 108 days after sentencing, but not held until 185 days after sentencing. Defendant raised the timeliness issue at the hearing.

The dispositive question is whether the word "shall" in the statute is a mandatory directive. The basic rule is clear.

> It is well settled that the word "shall" in a statute is presumptively imperative and operates to create a duty. . . . The word "shall" in a statute thus imposes a mandatory requirement unless a contrary legislative intent is apparent.

*Erection Co. v. Department of Labor & Indus.*, 121 Wn.2d 513, 518, 852 P.2d 288 (1993).

The meaning of "shall" is not gleaned from that word alone because our purpose is to ascertain legislative intent of the statute as a whole.

> In determining the meaning of the word "shall" we traditionally have considered the legislative intent as evidenced by all the terms and provisions of the act in relation to the subject of the legislation, the nature of the act, the general object to be accomplished and consequences that would result from construing the particular statute in one way or another.

*State v. Huntzinger*, 92 Wn.2d 128, 133, 594 P.2d 917 (1979).

Nothing in the restitution statute indicates a legislative intent contrary to "shall" being mandatory. In fact, the statute as a whole shows the Legislature drew a clear distinction between mandatory and discretionary provisions. For example, the community corrections officer *may* recommend a change in the payment schedule and *shall* inform the court thereof. Then the court *may* change the schedule. For purposes of restitution, the offender *shall* remain under jurisdiction for 10 years during which time the court *may* modify the order. The offender's compliance *shall* be supervised by the Department of Corrections. RCW 9.94A.142(1).

> This [use of "may" and "shall" in the statute] indicates that the Legislature intended the two words to have different meanings: "may" being directory while "shall" being mandatory.

*State v. Bartholomew*, 104 Wn.2d 844, 848, 710 P.2d 196 (1985).

Legislative history supports our conclusion. The statute originally required the court to determine restitution at the time of sentencing. Laws of 1981, ch. 137, § 14. An amendment added the words "or within 60 days". Laws of 1982, ch. 192, § 5. "The presumption is that every amendment is made to effect some material purpose." *Vita Food Prods., Inc. v. State*, 91 Wn.2d 132, 134, 587 P.2d 535 (1978). The only logical conclusion is the statute as originally enacted authorized restitution to be set at the sentencing hearing. By the amendment, the Legislature extended the time period by 60 days. To conclude otherwise would mean the amendment served no purpose.

The State relies almost entirely on *State v. Hartwell*, 38 Wn. App. 135, 684 P.2d 778 (1984). Ostensibly that case holds the statutory time to be directory only. Such holding is dicta for two reasons. First, at sentencing the parties agreed imposition of restitution would be deferred. Second, and more importantly, the court otherwise held restitution was not proper. In any event, the reasoning in *Hartwell* is flawed. The Court of Appeals did not recognize the general rule that "shall" is presumptively mandatory. We overrule *Hartwell* to the extent it is inconsistent herewith.

Defendant's motion to strike the appendices to the State's Brief is granted because they are not in the record.

The Order of Restitution is reversed.

ANDERSEN, C.J., and UTTER, DOLLIVER, DURHAM, SMITH, GUY, JOHNSON, and MADSEN, JJ., concur.