[No. 13314-1-III.   Division Three.   March 23, 1995.]

THE STATE OF WASHINGTON, *Respondent*, v. STANLEY WILLIAM DUBACK, *Appellant*.

*Rick L. Hansen* and *Rakow & Hansen,* for appellant.
*Knute Rife, Prosecuting Attorney,* for respondent.

SWEENEY, J. — On January 18, 1991, Stanley Duback pleaded guilty to first degree child molestation of one of his three stepdaughters.[1] As part of his sentence, he was ordered to "[p]ay all costs incurred for counseling of all three stepdaughters regarding specific counseling related to their victimization." The court, however, did not set a specific amount for restitution at sentencing.

A restitution hearing was held on May 17, 1993, over 2 years after the sentencing. At the beginning of the restitution hearing, Mr. Duback objected to holding the hearing beyond the 60-day limitation imposed by RCW 9.94A.142.[2] The court overruled the objection.

The State then presented testimony from Janice Wilkins, the mother of the three victims. She testified that her youngest daughter had received counseling from psychologist Cheryl Hall once a week for a period of 17 months. Ms. Wilkins also testified that although her two older daughters had not yet received counseling, they now wanted and needed counseling but could not afford it.[3]

---

[1]Pursuant to the plea agreement, the State moved for dismissal of two counts relating to molestation of the two older stepdaughters.

[2]The restitution statute provides, in pertinent part:

"When restitution is ordered, the court shall determine the amount of restitution due at the sentencing hearing or within sixty days. The court shall then set a minimum monthly payment that the offender is required to make towards the restitution that is ordered. . . . Restitution ordered by a court pursuant to a criminal conviction shall be based on easily ascertainable damages for injury to or loss of property, actual expenses incurred for treatment for injury to persons, and lost wages resulting from injury. Restitution shall not include reimbursement for damages for mental anguish, pain and suffering, or other intangible losses, but may include the costs of counseling reasonably related to the offense. . . . For the purposes of this section, the offender shall remain under the court's jurisdiction for a maximum term of ten years subsequent to the imposition of sentence. The portion of the sentence concerning restitution may be modified as to amount, terms and conditions during the ten-year period, regardless of the expiration of the offender's term of community supervision and regardless of the statutory maximum for the crime." Former RCW 9.94A.142(1) (pertinent portions unchanged in the 1994 amendment).

[3]The older daughters requested funds for counseling from the victim's witness program but were turned down because they had applied too late.

Ms. Hall, the State's expert witness, testified that the average duration of counseling for a sexual abuse victim was 2 years and that the cost was between $60 to $75 per hour, or around $100 per week for combined individual and group counseling. She estimated counseling would cost approximately $10,000 per victim, assuming 2 years of treatment.

Based on the testimony of Ms. Hall, the court ordered Mr. Duback to pay $20,800 for counseling for the two older daughters ($100 × 104 months each) and $1,560 for the youngest daughter's future counseling.[4] On May 17, 1993, the court ordered restitution payable at a rate of $75 per month through January 2001.

## Discussion

■ ■ Mr. Duback's objection to restitution is based on the requirement of RCW 9.94A.142 that the restitution hearing be held within 60 days of sentencing. The authority of the trial court to impose restitution is derived entirely from statute. *State v. Smith*, 119 Wn.2d 385, 389, 831 P.2d 1082 (1992); *State v. Davison*, 116 Wn.2d 917, 919, 809 P.2d 1374 (1991). The order imposing restitution is void if statutory provisions are not followed. *State v. Lewis*, 57 Wn. App. 921, 924, 791 P.2d 250 (1990).

■ RCW 9.94A.142(1) provides: "When restitution is ordered, the court shall determine the amount of restitution due at the sentencing hearing or within sixty days". The Washington State Supreme Court recently held that the word "shall" in RCW 9.94A.142(1) is a mandatory directive. *State v. Krall*, 125 Wn.2d 146, 148, 881 P.2d 1040 (1994). Noting that the statute includes both "may" and "shall", the court in *Krall* concluded that the Legislature intended to draw a clear distinction between mandatory and discretionary provisions of this statute. *Krall*, at 148. Here, restitution was ordered at the sentencing hearing; the amount, however, was not set within the 60-day time limit mandated by

---

[4]Ms. Wilkins testified the victim's witness program had paid her youngest daughter's counseling fees up to this time. The program had not requested reimbursement.

statute. The order of restitution is therefore void and must be reversed.

The trial judge overruled Mr. Duback's objection in part by noting that counseling costs are difficult to determine within the timeframe called for by the statute because those costs depend on the therapy needs of children, which are uncertain. The restitution order entered, however, based the restitution sum on opinions of a "typical" period of time required for counseling in cases of this type and the average cost of such counseling. The same estimates could have been made at sentencing or within 60 days thereof.[5]

We need not reach the issue of the sufficiency of the evidence given our disposition.

The restitution order is reversed and dismissed.

THOMPSON, C.J., and SCHULTHEIS, J., concur.

---

[5]Even if the victims had chosen not to avail themselves of counseling after restitution had been set within the statutory time period, or even if the costs of counseling turned out to be higher than the amount set, the court retained jurisdiction for 10 years and was authorized to modify the amount during that time. RCW 9.94A.142(1).