[No. 33966-4-I.    Division One.    April 29, 1996.]

THE STATE OF WASHINGTON, *Respondent*, v. GEOFFRAY G. MOLLICHI, *Appellant*.

*Eric Broman, David F. Shayne, Eric J. Nielsen,* and *Nielsen & Acosta,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Robert T. Reischling, Deputy,* for respondent.

BAKER, C.J. — Geoffray Mollichi, a juvenile, pleaded guilty to malicious mischief and taking a motor vehicle without permission. Included in his plea to malicious mischief was the admission that he damaged some roof tiles. Because the restitution order was entered at a separate hearing held after the disposition hearing, Mollichi argues that the order was untimely and void under the Juvenile Justice Act. We hold that the act's timing language is directory only, and an order entered outside

the given time frame is not void. We also conclude that the court based its order on sufficient evidence and affirm.

## I

Relying on a literal reading of the juvenile restitution statute, Mollichi argues that the court can only impose restitution at a disposition hearing. The juvenile statute provides:

> Before entering a dispositional order as to a respondent found to have committed an offense, the court shall hold a disposition hearing, at which the court shall:
>
> . . . .
>
> (f) Determine the amount of restitution owing to the victim, if any[.][1]

RCW 13.40.190 further requires: "(1) In its dispositional order, the court shall require the respondent to make restitution to any persons who have suffered loss or damage as a result of the offense committed by the respondent." In juvenile cases the court is required to order restitution where appropriate, unless the offender demonstrates an inability to pay.[2] One of the stated purposes of the Juvenile Justice Act is to provide for restitution to victims.[3]

In contrast, restitution to victims is not among the stated purposes of the Sentencing Reform Act of 1981 (SRA).[4] In adult sentencings, it is left to the court's discretion whether to order restitution, and that discretion is

---

[1]RCW 13.40.150(3).

[2]*State v. Bennett*, 63 Wn. App. 530, 532, 821 P.2d 499 (1991). *But see State v. Hunotte*, 69 Wn. App. 670, 674, 851 P.2d 694 (1993) (erroneously citing *Bennett* for the assertion that the decision to impose restitution in juvenile cases is within the discretion of the court).

[3]RCW 13.40.010(2)(h).

[4]*See* RCW 9.94A.010.

limited by statute.[5] Former RCW 9.94A.142(1) provided: "When restitution is ordered, the court shall determine the amount of restitution due at the sentencing hearing or within sixty days."

In *State v. Krall*[6] the Supreme Court interpreted this adult sentencing statute as providing a mandatory time limit for setting restitution. Although the court in *Krall* rejected the Court of Appeals' determination that the adult restitution statute was directory rather than mandatory, the same analysis applies in this different context to yield a conclusion that the juvenile restitution provision is directory.

The court indicated in *Krall* that the word "shall" is presumptively mandatory. However, the court also looked at the entire act to see if a contrary legislative intent was apparent.[7] The purpose of a statute, as well as the affirmative nature of the statute, can guide the determination of whether the statute's directive prefaced by "shall" guides or limits authority.[8]

The Juvenile Justice Act's directive to determine restitution is in a laundry list of what the court "shall" do at a disposition hearing. In light of the Legislature's clear expression that providing restitution to victims is one of the overarching purposes of the Juvenile Justice Act, it does not appear that this directive was intended to be a jurisdictional limit on the power to order restitution. Accordingly, we hold that the language is directory and the

---

[5]*See State v. Davison*, 116 Wn.2d 917, 919, 809 P.2d 1374 (1991); *State v. Lewis*, 57 Wn. App. 921, 923, 791 P.2d 250 (1990). *Contrast* RCW 9.94A.120(17) (requiring, absent extraordinary circumstances, restitution in felony cases when injury or damages result).

[6]125 Wn.2d 146, 149, 881 P.2d 1040 (1994).

[7]*Krall*, 125 Wn.2d at 148.

[8]*See Krall*, 125 Wn.2d at 148; *Niichel v. Lancaster*, 97 Wn.2d 620, 623-24, 647 P.2d 1021 (1982).

court has jurisdiction to enter a restitution order subsequent to the disposition hearing.

## II

■■ Mollichi also argues that the court had insufficient evidence to establish the amount of damage to the roof tiles. This argument has no merit. "Evidence of proof of loss is sufficient if it affords a reasonable basis for estimating the loss and does not subject the trier of fact to mere speculation or conjecture."[9] The court's use of documentation from the insurance company afforded a reasonable basis for estimating the loss. The insurance letter is not part of the record for review, but the report of proceedings indicates that it established the amount of damage at $300, the exact amount of restitution ordered.

Affirmed.

GROSSE and WEBSTER, JJ., concur.

Reconsideration denied June 5, 1996.

Review granted at 130 Wn.2d 1007 (1996).

[9]*State v. Fellers*, 37 Wn. App. 613, 619, 683 P.2d 209 (1984).