919 P.2d 79 (1996)
129 Wash.2d 554
The STATE of Washington, Respondent,
v.
Billy J. HUNSICKER, Appellant.
No. 63861-6.
Supreme Court of Washington. En Banc.
Argued February 1, 1996.
Decided July 18, 1996.
*80 Nielsen & Acosta, Eric Nielsen, Seattle, for appellant.
Norm Maleng, King County Prosecutor, Calvin G. Rapada, Deputy, Seattle, for respondent.
MADSEN, Justice.
This case involves the question of whether an order of restitution, pursuant to defendant's plea agreement in which the defendant agreed to pay restitution in a specific amount, violates the 60-day time period in former RCW 9.94A.142(1), where entry of the order occurred after that period had passed. We conclude that the statutory requirements have been satisfied and affirm the restitution order.

Facts
On July 24, 1992, Defendant Billy Joe Hunsicker was charged with three counts of forgery resulting from his forging three checks on another man's bank account. The certification for determination of probable cause alleged Hunsicker forged a total of eight checks in the total amount of $1,800.00.
On October 2, 1992, Hunsicker pleaded guilty. He signed a plea agreement the same day, which stated in part that he "is to pay full restitution reflected in the Certification for Determining probable cause ....", and the State agreed not to file charges on the five remaining check forgery allegations. Clerk's Papers (CP) at 15. Hunsicker's statement of defendant on plea of guilty recited that the State agreed not to file additional charges but Hunsicker would have to pay restitution on those uncharged counts.
A sentencing hearing was held November 6, 1992, and the judgment and sentence form signed by the judge ordered that restitution was to be set at a future restitution hearing, but no date was set for the hearing. Hunsicker waived his presence at that hearing. On April 19, 1993, an amended judgment and sentence was entered nunc pro tunc to correct an error in the earlier judgment and sentence which had mistakenly stated that Hunsicker was guilty on only one count of forgery rather than three.
On May 5, 1993, a year and a half after the sentencing hearing, a restitution hearing was held. Defendant was not present. Defense counsel objected to entry of a restitution order on the grounds that the restitution statute required restitution to be set within 60 days of the judgment and sentence. The trial court rejected the argument, and ruled that the statutory time limit did not apply in light of Hunsicker's plea agreement.
Hunsicker appealed from the restitution order. The Court of Appeals, Division I, stayed the appeal pending this court's decision in State v. Krall, 125 Wash.2d 146, 881 P.2d 1040 (1994). Subsequently, Division I certified the case to this court, which accepted certification.

Discussion
Hunsicker argues that because his sentencing hearing was held in November 1992, but his restitution hearing was not held until May 1994, former RCW 9.94A.142(1)'s 60-day time limit has been violated and this court's recent decision in Krall requires the restitution order be reversed. The State argues, among other things, that Krall is inapposite and Hunsicker is bound by his plea agreement to pay restitution.[1]
In Krall, the judgment and sentence did not set restitution but provided that if the State elected to seek restitution it should do so by motion and hearing. The State did not seek a restitution hearing until over 60 days after sentencing. The Defendant raised the timeliness issue at the hearing, appealed, and *81 then sought review of an adverse Court of Appeals decision. This court reversed the restitution order because of the failure to comply with former RCW 9.94A.142(1).
The circumstances presented in Krall differ significantly from the present case. Specifically, the defendant in Krall entered no agreement to pay restitution; whereas here, Hunsicker reached a plea agreement with the State promising to pay restitution for all of the counts of forgery charged in the State's information in exchange for the State's agreement to drop several counts. Additionally, the judgment and sentence in Krall did not set restitution, but provided that if the State sought restitution, it "`shall be by motion and hearing.'" Krall, 125 Wash.2d at 148, 881 P.2d 1040. In contrast, Hunsicker signed a plea agreement which stated that he "is to pay full restitution reflected in the Certification for Determining probable cause...." CP at 15. That document listed an exact amount, $1,800. Likewise, Hunsicker's statement of defendant on plea of guilty provided that he would pay restitution for all counts, charged and uncharged, in exchange for the State's agreement to dismiss numerous counts.
Turning first to the restitution statute, former RCW 9.94A.142(1) provides in part:
When restitution is ordered, the court shall determine the amount of restitution due at the sentencing hearing or within sixty days and shall set the terms and conditions under which the defendant shall make restitution.
RCW 9.94A.142(2) provides in part:
Restitution shall be ordered whenever the offender is convicted of an offense which results in injury to any person or damage to or loss of property.... In addition, restitution shall be ordered ... if the offender pleads guilty to ... fewer offenses and agrees with the prosecutor's recommendation that the offender be required to pay restitution to a victim of an offense or offenses which are not prosecuted pursuant to a plea agreement.
(Emphasis added.)
When restitution is ordered, a trial court determining the amount of restitution may either rely on a defendant's admission or acknowledgment of the amount of restitution or it may determine the amount by a preponderance of evidence. State v. Ryan, 78 Wash.App. 758, 761, 899 P.2d 825 (citing State v. Pockert, 53 Wash.App. 491, 498, 768 P.2d 504 (1989)), review denied, 128 Wash.2d 1006, 907 P.2d 296 (1995). Regardless of how the amount of restitution is determined, however, former RCW 9.94A.142(1) required that the determination be made within 60 days of sentencing. See Krall; Ryan.
In this case, Hunsicker entered a plea agreement in which he agreed to pay restitution as set forth in the Certificate for Determining Probable Cause. Washington courts have recognized that a plea agreement is in the nature of a contract. E.g., State v. Hall, 104 Wash.2d 486, 490, 706 P.2d 1074 (1985). The court has referred to the plea agreement as a "binding agreement between the defendant and the State" once a plea is accepted by the trial court. State v. Miller, 110 Wash.2d 528, 536, 756 P.2d 122 (1988) (citing State v. Tourtellotte, 88 Wash.2d 579, 584, 564 P.2d 799 (1977)). Hunsicker's agreement was made in exchange for the State not filing additional charges. This condition was satisfied here.
As we read the statute, RCW 9.94A.142 does not preclude the parties from making an agreement as to the amount of restitution, and thus determining the amount within the meaning of the statute particularly because the court must approve the plea bargain. "A plea bargain is a binding agreement between the defendant and the State which is subject to the approval of the court." Miller, 110 Wash.2d at 536, 756 P.2d 122 (citing Tourtellotte, 88 Wash.2d at 584, 564 P.2d 799); State v. Schaupp, 111 Wash.2d 34, 40, 757 P.2d 970 (1988); RCW 9.94A.090. Under the circumstances here, we find that Hunsicker's agreement constitutes a promise to pay restitution in the amount agreed. In fact, since the restitution sought in this case included uncharged counts, Hunsicker's agreement to pay restitution was necessary before the court could order it. See RCW 9.94A.142(2). Thus, we find Hunsicker's restitution was determined within the statutory time requirement.
*82 The next question is whether this court's decisions preclude enforcement of the defendant's promise on the basis that the restitution order was entered beyond the 60-day statutory period and therefore in excess of statutory authority. E.g., In re Moore, 116 Wash.2d 30, 803 P.2d 300 (1991); State v. Eilts, 94 Wash.2d 489, 617 P.2d 993 (1980). In Moore, the sentence to which the defendant agreed in a plea bargain, and received, exceeded the court's statutory authority to impose because he was sentenced to life without possibility of parole rather than to life with parole as permitted by statute. This court held that the defendant would not be held to his plea bargain because a plea agreement cannot exceed the statutory authority given to the courts and the defendant cannot agree to be punished more than the Legislature has allowed for. Moore, 116 Wash.2d at 38, 803 P.2d 300 (citing and quoting In re Gardner, 94 Wash.2d 504, 507, 617 P.2d 1001 (1980)).[2] The court reversed and remanded for sentencing authorized by statute. In Eilts, the defendant acknowledged at his sentencing hearing that he owed all the victims of his security fraud, including those victims involved in uncharged counts, and promised to repay them. The trial court imposed restitution in the total amount lost by victims of defendant's fraud, including the uncharged counts. The State argued that defendant's promise prompted the trial court to reject a long jail term in favor of probation conditioned on defendant repaying all the defrauded investors, and that having created the error, defendant should not be able to profit on appeal. This court rejected the State's argument, concluding that even if the order was based largely on defendant's promise to pay restitution to all victims of the stock fraud, the restitution ordered for uncharged crimes was in excess of the trial court's statutory authority[3] and a defendant cannot empower a court to exceed its statutory authorization. Eilts, 94 Wash.2d at 495-96, 617 P.2d 993. The court vacated the restitution order except insofar as restitution was ordered paid to the victims of the charged offenses. Eilts thus holds that an agreement to restitution imposed in excess of statutory authority does not bind the defendant or constitute a waiver to the unauthorized restitution. See also In re Gardner (defendant did not agree to restitution; even if plea agreement included restitution, an agreement to pay restitution is not enforceable where the restitution was not authorized by statute for uncharged crimes).
Unlike the situations in Moore and Eilts, i.e., where the sentence imposed was not authorized by statute, there is statutory authorization for the sentence condition at issue here, i.e., imposition of restitution in exchange for the State agreeing not to charge the additional forgery counts. The restitution order comports with the statute and the plea agreement by ordering Hunsicker to pay $1,800 the amount to which he agreed as set forth in the certification for determining probable cause. There is no dispute in this case that the restitution ordered is substantively within the terms of the statutory authorization. The alleged violation of the procedure mandated by statute, rather than a substantive departure from provisions establishing what punishment can be imposed, distinguishes this case from Moore and Eilts.
Finally, we do not agree that former RCW 9.94A.142(1) required a restitution order to be entered within 60 days. Former RCW 9.94A.142(1) provided that the court determine the amount of restitution within 60 days of sentencing. As we read the statute, the 60-day limitation period does not relate to the entry of the restitution order. Rather, the time limitation is imposed on the determination of the amount of restitution. In this case, Hunsicker's plea agreement required him to pay a known amount of restitution as set forth in the certification for determining *83 probable cause. That amount was $1,800 and included restitution for the forgery counts subsequently dismissed by the State. The court ordered restitution at sentencing. Although the order setting the amount of restitution was not entered for a year and a half, the order fixed the amount at $1,800, the amount agreed to by the defendant in his plea agreement. Thus, the amount of restitution in this case was "determined" within the 60-day statutory limit. We conclude that where the amount of restitution is determined by the agreement of the defendant in a plea agreement, signed contemporaneously with sentencing, the statute's purpose, determination of the restitution amount within 60 days, is met.
In light of our decision, we need not reach the State's remaining two arguments.
The order of restitution is affirmed.
DURHAM, C.J., and DOLLIVER, SMITH, GUY, JOHNSON and TALMADGE, JJ., concur.
SANDERS, Justice (dissenting).
I dissent because the trial court did not determine the amount of restitution due from Mr. Hunsicker within 60 days of his sentencing nor did it set the terms and conditions under which he should make restitution within this like time. As we held in State v. Krall, 125 Wash.2d 146, 148, 881 P.2d 1040 (1994), RCW 9.94A.142(1) (1992) is simple, clear, and "mandatory."
The majority would avoid this statutory mandate, and the cases construing it, by finessing the facts and avoiding the clear import of mandatory statutory text:
When restitution is ordered, the court shall determine the amount of restitution due at the sentencing hearing or within sixty days and shall set the terms and conditions under which the defendant shall make restitution.
RCW 9.94A.142(1) (1992). The statute directs that "the court," not the parties, "shall determine the amount of restitution" and "shall set the terms and conditions under which the defendant shall make restitution" at "the sentencing hearing or within sixty days...."
This trial court could have determined "the amount of restitution due" at Mr. Hunsicker's November 6, 1992 sentencing hearing, but it chose not to. The written judgment and sentence entered at that hearing provides on its face: "Restitution to be determined at future restitution hearing on ... date to be set." Clerk's Papers at 20. The majority holds, on the other hand, that "the amount of restitution in this case was `determined' within the sixty-day statutory limit" based upon the reference in the October 2, 1992 plea agreement to "full restitution reflected in the Certificate for Determining probable cause." Majority Op. at 82-83. But the record is clear: the trial court rendered a formal judgment and sentence on November 6th without providing a "determined" amount of restitution. Clerk's Papers at 15, 20. The court also entered an amended judgment and sentence "Nunc Pro Tunc to 11-06-92" on April 16, 1993, which again deferred that determination. Clerk's Papers at 23, 24.
Unless this court allows the solemn words of a felony judgment to be robbed of their meaning, restitution could not have been "determined" as of November 6, 1992 by the trial court because the trial court has told us, in so many words, it did not do so. Moreover, the Verbatim Report of Proceedings for November 6, 1992 shows this deferral of determination was considered and deliberate. Then Mr. Hunsicker's attorney stated on the record: "[T]here has been, I guess, a problem with getting the amounts [of restitution] known." Verbatim Report of Proceedings (11/6/92) at 3-4. And the trial judge stated: "There will be restitution in an amount to be determined at a later date." Verbatim Report of Proceedings (11/6/92) at 6.
The record clearly, and unequivocally, demonstrates the court did not "determine" either the amount of restitution or the terms and conditions under which it would be paid until May 5, 1994, a year and a half after the original sentencing hearing. Clerk's Papers at 29.
It is true that on May 5, 1994 the trial court "determined" the amount of restitution to be $1,800 (at the request of the prosecuting attorney) with reference to the original *84 affidavit of probable cause. It may also be true that a determination of any other amount would have arguably been inconsistent with the original plea agreement. However, the fact remains the court did first "determine the amount of restitution due" at the hearing on May 5, 1994, and on that same date did "set the terms and conditions under which the defendant shall make restitution" by ordering that said amount be paid through the registry of the clerk of the court. RCW 9.94A.142(1) (1992); Clerk's Papers at 29.
One should recall the statute not only requires the court to timely determine the amount of restitution but also requires the court to timely set the terms and conditions for payment. Would the majority hold that this defendant failed to comply with the court's November 6, 1992 judgment and sentence for his failure to pay restitution immediately thereafter? Or would the majority hold that the defendant's obligation to pay the restitution did not accrue until after entry of the May 5, 1994 order? If the majority would choose the latter, then the answer must be that the court first "set the terms and conditions under which the defendant shall make restitution," RCW 9.94A.142(1) (1992), on May 5, 1994, not November 6, 1992.
Obviously the State dropped the ball in a relatively minor matter. However, adherence to statutory mandates is not optional for the prosecution or the court. That principle is not so minor.
ALEXANDER, J., concurs.
NOTES
[1] Initially, the State argues that State v. Krall, 125 Wash.2d 146, 881 P.2d 1040 (1994) should be given retroactive application only. This argument was recently rejected by this court in State v. Moen, 129 Wash.2d 535, 919 P.2d 69 (1996).
[2] The court has required enforcement of a plea agreement to a sentence alleged to be less than required by statute on the basis that absent any fault on defendant's part, defendant's constitutional rights under the plea agreement take precedence over statutory provisions. State v. Schaupp, 111 Wash.2d 34, 40-41, 757 P.2d 970 (1988).
[3] At the time, no statute permitted restitution to be imposed for uncharged crimes. Now by statute a defendant may be ordered to pay restitution to a victim of an offense not prosecuted pursuant to a plea agreement, as explained in the preceding text.