936 P.2d 408 (1997)
132 Wash.2d 80
The STATE of Washington, Respondent,
v.
Geoffray MOLLICHI, Petitioner.
No. 64301-6.
Supreme Court of Washington, En Banc.
Argued March 11, 1997.
Decided May 8, 1997.
*409 Nielsen & Acosta, Eric Broman, Eric Nielsen, Seattle, for petitioner.
Norm Maleng, King County Prosecutor, Pamela Mohr, Deputy, Erin Riley, Deputy, Seattle, for respondent.
TALMADGE, Justice.
In this case, we must decide if the $300 restitution order entered against defendant Geoffray Mollichi is valid even though it was not entered at Mollichi's disposition hearing, as prescribed in Washington's Juvenile Justice Act. We also must determine if Mollichi could waive the Act's requirement for a disposition hearing. We hold that a restitution order not timely entered at a disposition hearing as set forth in RCW 13.40.150(3)(f) and RCW 13.40.130(8)/JuCR 7.12(a) is invalid unless the juvenile waives the statutory requirements. The State here did not meet the Act's requirements for a disposition hearing and Mollichi did not waive those statutory requirements. We vacate the restitution order.

ISSUES
1. Are the time frame and procedure for a disposition hearing under RCW 13.40.150(3)(f) mandatory with respect to restitution?
2. Can a juvenile waive the statutory requirements for a disposition hearing?
3. Did Mollichi waive the statutory requirements a disposition hearing with respect to the restitution?

FACTS
Geoffray Mollichi, a juvenile, took a motor vehicle without the owner's permission on the night of June 27, 1993. While fleeing arrest, he leaped from the top of one building onto the roof of an adjacent residence, causing $300 damage to the roof tiling of the residence.
The State charged Mollichi with taking a motor vehicle without permission (RCW 9A.56.070); malicious mischief in the second degree (RCW 9A.48.080(1)(a)); and resisting arrest in the second degree (RCW 9A.76.040). The juvenile court entered an Order Waiving Hearing and Setting for Plea that indicated the parties had waived a case setting hearing "pursuant to the following agreement":
The respondent [Mollichi], having received discovery and discussed the case and the elements of the offense with counsel, has decided to enter a plea of guilty... to the offense(s) charged in the information to be amended on motion of the State as listed below:
04652-1: TMVWOP [Taking a Motor Vehicle Without the Owner's Permission] and MM 3°-D [Malicious Mischief in the Third Degree]
Supplemental Br. of Pet'r at App. C. By this Order, the State agreed to reduce the charge of second degree malicious mischief, a class C felony, to third degree malicious mischief, a misdemeanor, to dismiss the resisting arrest charge, and to ask for restitution. Mollichi, his attorney, and the prosecutor all signed this Order.
The State then filed an amended information to reflect the reduced malicious mischief charge. A disposition hearing occurred on September 23, 1993 before King County Superior Court Commissioner Maurice Epstein, where Mollichi entered his Statement of Juvenile Offender on Plea of Guilty. He pleaded *410 guilty to taking a motor vehicle without permission and to the misdemeanor malicious mischief charge. He expressed his understanding the prosecuting attorney would recommend to the court that he pay restitution, but no specific amount was specified for the restitution, nor was there any agreement on when restitution would be set. Mollichi's attorney indicated restitution was appropriate: "Clearly [Mollichi] needs to be accountable; I think the days that he has done and the community service hours that will be ordered and the restitution that will be ordered all serve the purpose of accountability." Report of Proceedings (Disposition) at 18. The Commissioner imposed standard sentences for the two offenses.
The State then addressed the restitution question: "On the restitution in that case, Your Honor, apparently, there is some ongoing work being done to this roof, and we request that restitution be left open for an additional 30 days, so that we may determine what the final amount is going to be there." Report of Proceedings (Disposition) at 15-16. Mollichi's attorney replied: "No objection to leaving the restitution amount open. We would ask that the State note a hearing within 30 days, if they are seeking restitution on any other cause number." Report of Proceedings (Disposition) at 19. The Commissioner entered an Order of Disposition containing the handwritten notation, "Restitution shall be determined w/n 30 days." Clerk's Papers at 10.[1]
The State filed notice for a hearing on the restitution question on October 22, 1993, setting the "restitution hearing" for November 22, 1993, 60 days after the disposition hearing. At that hearing, held before King County Superior Court Judge Carol Schapira, Mollichi's attorney asked the court to declare the restitution request untimely because the restitution amount had not been determined within the 30-day period specified in the disposition order. The trial court held the restitution request timely because the State had noted the restitution hearing within in 30 days of the disposition order, and ordered Mollichi to pay $300. Mollichi then filed a timely notice of appeal to the Court of Appeals.
On appeal, Mollichi argued the trial court had no authority to enter a restitution order against him at any time other than at the disposition hearing because RCW 13.40.150(3)(f) states: "Before entering a dispositional order as to a respondent found to have committed an offense, the court shall hold a disposition hearing, at which the court shall ... [d]etermine the amount of restitution owing to the victim, if any," and the trial court did not determine the amount of the restitution at the disposition hearing on September 23, 1993. (Emphasis added.) The Court of Appeals, Division One, affirmed the trial court, holding the statutory language is directory rather than mandatory. The Court of Appeals based its analysis largely on the grounds that restitution plays a central role in dispositions under the Juvenile Justice Act. State v. Mollichi, 81 Wash.App. 474, 477, 914 P.2d 782, review granted, 130 Wash.2d 1007, 928 P.2d 415 (1996), Mollichi petitioned for review, which we granted.

ANALYSIS
A. The Disposition Hearing of RCW 13.40.150
RCW 13.40.150 provides:
(3) Before entering a dispositional order as to a respondent found to have committed an offense, the court shall hold a disposition hearing, at which the court shall:
...
(f) Determine the amount of restitution owing to the victim, if any; ...
(Emphasis added.) The initial question in this case is whether the court has discretion to determine and enter an order of restitution at any time other than the time of the disposition hearing.
*411 RCW 13.40.150 recites a series of issues the juvenile court must address in a disposition order, and unambiguously states the court shall determine the restitution amount at the disposition hearing. This imperative language does not permit restitution to be determined at any time subsequent to the disposition hearing, and is therefore even more restrictive than the Sentencing Reform Act (SRA) for adult offenders, which permits restitution to be determined after sentencing.
In State v. Krall, 125 Wash.2d 146, 881 P.2d 1040 (1994), we interpreted language in the SRA regarding adult restitution hearings. Former RCW 9.94A142(1) (1994) provided, "When restitution is ordered, the court shall determine the amount of restitution due at the sentencing hearing or within sixty days." The State did not seek restitution until 108 days after the sentencing hearing, and did not obtain it until 185 days after the hearing. The issue before the Court was whether the language of the statute was mandatory or directory. After review of the legislative history, we held the word "shall" in the statute was mandatory. Notably, the Court overruled an earlier Court of Appeals case, State v. Hartwell, 38 Wash.App. 135, 684 P.2d 778 (1984), because that case failed to "recognize the general rule that `shall' is presumptively mandatory." Krall, 125 Wash.2d at 149, 881 P.2d 1040.
The Court of Appeals here chose not to apply Krall's strict interpretation of the word "shall." Rather, the Court of Appeals observed the Juvenile Justice Act differs from the SRA insofar as the Juvenile Justice Act states as one of the "equally important purposes" of the Act "restitution to the victims of crime," RCW 13.40.010(2)(h), whereas the SRA does not list restitution as one of its purposes. Mollichi, 81 Wash.App. at 476, 914 P.2d 782. Thus, while the Court of Appeals acknowledged Krall held "shall" to be presumptively mandatory in the context of the SRA it ruled the same conclusion was not required in the context of the Juvenile Justice Act.
The Court of Appeals' reasoning is not persuasive as to the meaning of "shall." First, the SRA itself makes restitution a key component for adult sentencing. See RCW 9.94A.120(18) (requiring restitution whenever the offender is convicted of a felony that results in injury to any person or damage to or loss of property,: absent extraordinary circumstances); RCW 9.94A142(3) (requiring restitution in all cases where victim is entitled to benefits under RCW 7.68, the crime victims' compensation act); see also RCW 7.69.030(15) (listing as a right of victims of crime entry of an order of restitution in all felony cases).[2] It is hard to discern a stronger policy supporting restitution in juvenile sentencing than adult sentencing.
Second, in State v. Moen, 129 Wash.2d 535, 919 P.2d 69 (1996), the Court said, "Our unanimous holding in Krall recognizes that the statutory time mandate prevails over victims' rights to restitution." Id. at 542, 919 P.2d 69. Moreover, the statutory requirement to determine the restitution amount only at the disposition hearing might be indicative of legislative intent to adopt a more strictly determinative approach to disposition and restitution in the case of juveniles. "Where statutory language is plain and unambiguous, a statute's meaning must be derived from the wording of the statute itself." Human Rights Comm'n ex rel. Spangenberg v. Cheney Sch. Dist No. 30, 97 Wash.2d 118, 121, 641 P.2d 163 (1982). See also Erection Co. v. Department of Labor and Indus., 121 Wash.2d 513, 852 P.2d 288 (1993); Marquis v. City of Spokane, 130 Wash.2d 97, 107, 922 P.2d 43 (1996) (under our rules of statutory construction, a statute clear on its face is not subject to judicial interpretation). We have no license to rewrite explicit and unequivocal statutes.
Thus, under the mandatory language of RCW 13.40.150(3)(f), restitution must be set at the juvenile's disposition hearing in accordance with the time frame specified in RCW 13.40.130(8) and JuCR 7.12(a). Unlike the SRA, which allows a separate restitution hearing, the statute does not contemplate a *412 subsequent, separate "restitution hearing." While the Legislature is, of course, free to amend the Juvenile Justice Act to provide for a separate restitution hearing for juveniles[3] or longer time periods for setting the disposition hearings for juveniles, we must interpret the present unambiguous, mandatory language of the Act as requiring restitution to be set at the disposition hearing set in accordance with RCW 13.40.130(8).
B. Continuances of the Disposition Hearing by Court Order or Waiver
While the language of RCW 13.40.150(3)(f) regarding the setting of restitution at the disposition hearing is mandatory, we believe the Juvenile Justice Act and our case law permit exceptions to that general rule.
1. Court Order
Both RCW 13.40.130(8) and JuCR 7.12(a) establish the time frame in which the juvenile's disposition hearing must be held. RCW 13.40.130(8) states:
The disposition hearing shall be held within fourteen days after the adjudicatory hearing or plea of guilty unless good cause is shown for further delay, or within twenty-one days if the juvenile is not held in a detention facility, unless good cause is shown for further delay.
Similarly, JuCR 7.12(a) provides:
A disposition hearing shall be held if the juvenile has pleaded guilty or has been found guilty by the court. The hearing may be held immediately following the juvenile's plea of guilty or immediately following the adjudicatory hearing if found guilty by the court.
By their terms, RCW 13.40.130(8) and JuCR 7.12(a) authorize the juvenile court to continue a disposition hearing. Thus, the juvenile court could initially determine a disposition for a juvenile and continue the hearing, upon a showing of good cause, for entry of a final disposition which might include restitution.
In the present case, the State did not file a formal motion to continue the disposition hearing pursuant to RCW 13.40.130(8)/JuCR 7.12(a). We have no basis upon which to conclude the trial court properly set the November 22, 1993 "restitution hearing," in effect, as a continuation of the statutory disposition hearing.
2. Waiver by the Juvenile
Mollichi contends that the trial court here "lacked jurisdiction to hold a separate restitution hearing..." Pet. for Review at 3. Moreover, Mollichi argues "no party can confer jurisdiction which exceeds that statutorily granted to the trial court." Pet. for Review at 6 n. 4. We disposed of this jurisdictional argument in Moen in the context of the SRA: "[U]ntimely imposition of restitution as a condition of a sentence is not a jurisdictional defect." Moen, 129 Wash.2d at 545, 919 P.2d 69. Similarly, the requirement that restitution be set in a disposition hearing is not jurisdictional and may be waived by the juvenile.[4] We must now turn to the circumstances which evidence a waiver.
*413 Looking by analogy to the cases involving waiver of the time frame for setting restitution in the adult system, we note that an adult offender may agree to have restitution set in a hearing outside the mandatory time frame for setting restitution in the SRA.
In In the Matter of the Personal Restraint Petition of Fleming, 129 Wash.2d 529, 919 P.2d 66 (1996), two prisoners filed personal restraint petitions complaining the court entered their restitution orders beyond the 60-day statutory time limit. We dismissed both petitions because the petitioners had not demonstrated a "fundamental defect resulting in a complete miscarriage of justice" requiring dismissal of the restitution orders. Id. at 533, 919 P.2d 66. Additionally, we indicated a defendant may not collaterally attack a restitution order entered by agreement where the defendant waived the 60-day limit for restitution hearings:
While a defendant cannot agree to have the court act outside its authority or jurisdiction, the Petitioners in this case can hardly argue they have been subject to a complete miscarriage of justice when the sentencing court had the authority to order restitution at the time of sentencing but did not on the basis of the Petitioners' request to defer the restitution hearings.
Id. at 534, 919 P.2d 66.
Petitioner Smith's restitution hearing was continued beyond the 60-day limit at his own request because he wanted to obtain additional evidence to contest the State's assertion of the restitution amount. Fleming was sentenced and ordered to pay an amount of restitution to be determined at a later time. He then disputed the amount requested so that a hearing was necessary to set the amount of restitution. The restitution hearing was not scheduled until more than a year after sentencing. Although we said: "we note that Fleming and Smith both agreed to the continuation of their restitution hearings," Fleming, 129 Wash.2d at 534, 919 P.2d 66, there is no indication in the record that Fleming himself requested the 60-day limit be enlarged. Fleming did request a continuance of the restitution hearing, but not until one year after the statutory limit had been exceeded.
Fleming appears to apply only to PRP cases, where the standard of reviewfundamental defect resulting in a complete miscarriage of justiceis probably exacting enough to overcome most challenges to lateness in determining the restitution amount. Thus, Fleming left open the more general question of whether a court has authority to enter a restitution order beyond the statutory limit even if the defendant agrees to a waiver.
In State v. Hunsicker, 129 Washed 554, 919 P.2d 79 (1996), Hunsicker entered into a plea agreement in which he agreed to pay restitution of $1,800 for eight forged checks. Id. at 555, 919 P.2d 79. The restitution hearing occurred well beyond the 60-day limit. Hunsicker challenged the restitution order. We affirmed the restitution order on the ground Hunsicker had entered into an agreement to pay a specific amount of restitution as part of his plea agreement. Plea agreements are contracts. Id. at 559, 919 P.2d 79. Because Hunsicker had agreed to pay a specified amount at the time of his sentencing, we held that Hunsicker's restitution was determined within the statutory time requirement. Id. at 560, 919 P.2d 79. Thus, the statutory imperative to determine the amount of restitution within 60 days was honored. Entry of the order of restitution was a ministerial formality under such circumstances.
Finally, in State v. Moen, 129 Wash.2d 535, 919 P.2d 69 (1996), Moen expressed his desire in open court to pay restitution to his victim. An order of restitution was entered at the time of his sentencing, but the order required the amount to be set at a later date. A restitution order was subsequently entered three weeks beyond the 60-day limit. Moen objected to the entry of that order on timeliness grounds. We agreed with Moen, and reversed the restitution order in a 5-4 decision distinguishing Moen from Hunsicker by noting, "While the defendant expressed a desire to pay restitution, it was not part of any plea agreement." Id. at 540, 919 P.2d 69. In fact, there had been no quid pro quo because Moen had been convicted of an offense resulting in injury to another, and under RCW 9.94A.142(2), the court was required to enter a restitution order with or *414 without Moen's agreement. Id. at 540, 919 P.2d 69. However, we indicated a waiver by the defendant of the statutory time limit might be effective: "We will not construe an uncontested order entered after the mandatory 60-day period of former RCW 9.94A.142(1) had passed as a waiver of that timeliness requirement" Id. at 542, 919 P.2d 69.
Notwithstanding the mandatory language of RCW 13.40.150(3)(f), we believe there are circumstances where a juvenile may waive the statutory requirement of setting restitution at the disposition hearing in accordance with the time frames established by RCW 13.40.130(8)/JuCR 7.12(a). Our case law on restitution hearings under the SRA affords some guidance with regard to these circumstances.
A juvenile may agree to continue the disposition hearing[5] or may even agree to set restitution at a different time. Moreover, as we said in Hunsicker, where the offender has contractually undertaken to pay restitution pursuant to a plea agreement, the offender is bound by the terms of the agreement. We now turn to the question of whether Mollichi's actions in this case constituted a waiver of RCW 13.40.150(3)(f) and RCW 13.40.130(8)/JuCR 7.12(a).
C. Mollichi's Actions in This Case
In the present case, Mollichi's attorney agreed to have restitution determined after the disposition hearing upon the request of the State for more time to obtain the cost of roof repair. Mollichi voluntarily accommodated the State's request, but he was not obliged to do so. He could have insisted on having the restitution set at the disposition hearing pursuant to RCW 13.40.150(3)(f) and compelled the State to move for a continuance of the disposition hearing under RCW 13.40.130(8)/JuCR 7.12(a). Thus, Mollichi waived the requirements of RCW 13.40.150(3)(f) and RCW 13.40.130(8)/JuCR 7.12(a) to the extent set forth in the order entered on September 23, 1993.[6]
But Mollichi agreed to continue the time for setting restitution only for a limited period. The order required restitution to be set within 30 days. It was not. We presume the written order of the juvenile court, made contemporaneously with the discussion between counsel for Mollichi and counsel for the State, embodied and memorialized Mollichi's agreement for a continuance. At any rate, the State never moved to revise it to reflect what it now argues was merely Mollichi's agreement to have the restitution hearing noted, but not necessarily heard, within 30 days.
Judge Schapira interpreted the Order entered on September 23, 1993 to mean that the State only had to note the hearing within 30 days. This is not what the order said. Under RCW 2.24.050, however, in the absence of a motion to revise within 10 days of the entry of the Commissioner's order on September 23, 1993, the order was final and was subject only to appellate review. As restitution was not set within 30 days pursuant to the court's order, the order did not honor Mollichi's accommodation and was invalid.[7]
Thus, because restitution was not ordered at the disposition hearing, or within the *415 time extension Mollichi agreed to, the restitution order is invalid.

CONCLUSION
RCW 13.40.150(3)(f) requires that restitution be determined at the disposition hearing. This statutory requirement of a single disposition hearing at which restitution is set in accordance with the time frame established by RCW 13.40.130(8)/JuCR 7.12(a) is mandatory unless waived by the juvenile.
Mollichi was statutorily entitled to have the amount of his restitution entered at his disposition hearing. The restitution order was not entered here in accordance with RCW 13.40.150(3)(f) or the terms of the time-limited accommodation waiver Mollichi agreed to. The imperative language of the statutes compels this result, which is neither beneficial to the crime victim nor effective in holding Mollichi accountable for his actions. While the Legislature is free to restructure the restitution statutes, we are not. We reverse the Court of Appeals and vacate the restitution order.
DURHAM, C.J., and DOLLIVER, SMITH, GUY, JOHNSON, MADSEN, ALEXANDER, and SANDERS, JJ., concur.
NOTES
[1] RCW 13.04.021 confers concurrent jurisdiction on superior court judges sitting in juvenile court and juvenile court commissioners. A commissioner's decision is final unless a party seeks revision of the decision within 10 days of its entry. RCW 2.24.050. See Richard D. Hicks, The Power, Removal, and Revision of Superior Court Commissioners, 32 Gonz.L.Rev. 1, 17-21 (1996/97). Neither party here sought revision of the Order.
[2] The requirement of setting restitution at the disposition hearing may provide a more regular process by which crime victims can exercise their right to seek restitution under RCW 7.69.030(15).
[3] It is noteworthy that the Legislature amended the time frame for restitution hearings in the SRA in response to our decision in Krall. Laws of 1995, ch. 231, § 2 (time extended for restitution from 60 to 180 days, post-sentencing, or longer, if good cause was shown). The Legislature is, of course, free to amend the Juvenile Justice Act with respect to the timing of the restitution order.
[4] Defendants may waive constitutional rights more fundamental than the statutory right to have restitution determined within a statutory time limit. Const, art. I, § 22 guarantees the right to "a speedy public trial," yet defendants may waive that right. State v. Valdobinos, 122 Wash.2d 270, 274, 858 P.2d 199 (1993). Waivers may even be implied from a defendant's request for a continuance. Id. Likewise, Const. art. I, § 21 states the "right of trial by jury shall remain inviolate," but a criminal defendant may waive the right. State v. Lane, 40 Wash.2d 734, 736, 246 P.2d 474 (1952). A defendant may also waive trial in the county of the crime (CONST, ART. I, § 22), State v. Hardamon, 29 Wash.2d 182, 188, 186 P.2d 634 (1947); waive the right against self-incrimination (Const, art. I, § 9), State v. Jeane, 35 Wash.2d 423, 433, 213 P.2d 633 (1950); and waive the right to counsel (Const, art. I, § 22), Thome v. Callahan, 39 Wash.2d 43, 59, 234 P.2d 517 (1951).
[5] Indeed, such a continuance might inure to the benefit of juvenile offenders, allowing them an opportunity to present their best defenses at restitution hearings. In Fleming, for instance, petitioner Smith agreed to a continuance of his restitution hearing in order to obtain additional evidence to support his defense to the State's demand. Fleming, 129 Wash.2d at 531, 919 P.2d 66. A wooden reading of the statute would have denied Smith that chance.
[6] The State at oral argument before this Court renounced the argument that the plea agreement here constituted a waiver of RCW 13.40.150(3)(f) As the State did not argue this waiver issue below as well, we decline to address an argument the State has not advanced. RAP 2.5(a).
[7] The State argues the restitution order was proper despite being set beyond the requirements of RCW 13.40.130(3)(f) because Mollichi must show prejudice from the untimely sentencing. State v. Carlson, 65 Wash.App. 153, 828 P.2d 30, review denied, 119 Wash.2d 1022, 838 P.2d 690 (1992); State v. Eugene W., 41 Wash.App. 758, 706 P.2d 235 (1985). We decline to endorse so cavalier a treatment of the statutory requirements.