[No. 25215-5-II.   Division Two.   July 13, 2001.]

THE STATE OF WASHINGTON, *Appellant*, v. A.K.B., *Respondent*.

*Arthur D. Curtis, Prosecuting Attorney*, and *Leann S. Larson, Deputy*, for appellant.

*Michael G. Borge* (of *Richard N. Johnson, P.C.*), for respondent (appointed counsel for appeal).

MORGAN, J. — The Clark County juvenile court deferred disposition and a year of community supervision. After the year expired, the juvenile moved to dismiss, claiming that he had fully complied with the court's order. The State opposed the motion, claiming that he had not paid restitution. The juvenile correctly noted that restitution had never been set. The juvenile court dismissed, finding that the juvenile had fully complied with the court's order. The State appeals, and we affirm.

Under RCW 13.40.127, a juvenile court sometimes may defer the disposition of a juvenile case "for a period not to exceed one year from the date the juvenile is found guilty."[1] When the court uses this option, it "shall" place the juvenile offender under community supervision; it "shall" require restitution as a condition of community supervision; and it "may" impose other conditions of supervision that it deems appropriate.[2] "At any time following deferral of disposition the court may, following a hearing, continue the case for an

---

[1] RCW 13.40.127(2).

[2] RCW 13.40.127(5).

additional one-year period for good cause."[3] "At the conclusion of the period set forth in the order of deferral and upon a finding by the court of full compliance with conditions of supervision and payment of full restitution, the respondent's conviction shall be vacated and the court shall dismiss the case with prejudice."[4]

On September 22, 1998, A.K.B., age 15, pleaded guilty in juvenile court to third degree assault committed on June 23, 1998. He also filed a motion to continue disposition "as authorized by RCW 13.40.127."[5]

On October 7, 1998, the juvenile court ordered that the case be continued for "a period not to exceed one (1) year unless this time is extended by the court after a hearing."[6] It ordered community supervision until "October 6, 1999 at 9:00 AM"[7] and

> [r]estitution in an amount to be determined by the probation counselor. If the probation counselor and [A.K.B.] cannot agree on an amount, thereafter it may be set for hearing. Youth waives setting the amount of restitution until said amount can be set in court and/or by agreement with the Probation Counselor.[8]

The same day, A.K.B. signed and entered a written "waiver of speedy disposition on setting restitution amount."[9] It provided in relevant part:

> The parties hereby desire to determine the exact amounts to award the victim at a later date after [A.K.B.] has had a chance to discuss the matter with his probation officer and determine the status of any potential co-defendants and/or co-respondents and to allow said restitution to be set by mutual agreement if

---

[3] RCW 13.40.127(8).

[4] RCW 13.40.127(9).

[5] Clerk's Papers (CP) at 3.

[6] CP at 12; *see also* RCW 13.40.127(2).

[7] CP at 12.

[8] *Id.* at 13.

[9] *Id.* at 14.

possible. The parties hereby waive any issue related to the timeliness of setting said restitution and request the court to find good cause to continue this part of the disposition hearing *for entry within six (6) months*. Further, that if the parties cannot agree, that any party may cite the matter on at any time for a hearing to set restitution.[10]

On December 7, 1998, a probation counselor filed an "affidavit of inquiry into restitution."[11] In that document, he reported that the "[v]ictim did not respond to requests for restitution, was notified of civil remedies."[12]

During the next 10 months, no one made any effort to establish restitution. On October 7, 1999, A.K.B. moved to vacate his plea and dismiss the case with prejudice. The State sought a continuance so it could investigate whether restitution might be due. The trial court granted the continuance, and the State soon obtained invoices[13] from entities that had provided medical care and ambulance service to the victim. According to the State, these invoices totaled $1,466.09.

In late October or early November, the State moved for restitution of $1,466.09. The court denied the motion as untimely, vacated the plea, and dismissed the case with prejudice. Implicitly at least, it found that A.K.B. had successfully completed his one year of community supervision. With respect to restitution, it reasoned in its written findings and conclusions:

RCW 13.40.190 requires the Court to set Restitution. Restitution in this matter was to be set at the date of Disposition. The parties entered into an agreed waiver to set restitution within 180 days. Restitution was not set within the 180 day time frame therefore Restitution for purposes of this case must be determined to be zero. Since[] Restitution is set at zero,

---

[10] *Id.* (emphasis added).

[11] *Id.* at 15.

[12] *Id.*

[13] The billing date shown on each invoice is October 13, 1999.

Respondent has met all the conditions required of his Deferred Disposition.[14]

█ The State now appeals. It claims that the trial court erred by vacating A.K.B.'s plea and dismissing his case "before [A.K.B.] had paid restitution to the victim as required by RCW 13.40.127(9)."[15] As already seen, RCW 13.40.127(9) provides that "[a]t the conclusion of the period set forth in the order of deferral and upon a finding by the court of full compliance with conditions of supervision and payment of full restitution, the respondent's conviction shall be vacated and the court shall dismiss the case with prejudice."[16]

The words "payment of full restitution" have at least three possible meanings. (1) They might mean payment of all loss resulting from the offense, whether or not ordered by the court. (2) They might mean payment of all restitution ordered by the court before or after the end of the period set forth in the order of deferral. (3) Or, they might mean payment of all restitution properly ordered by the court before the end of the period set forth in the order of deferral.

The first meaning is obviously not reasonable. "Full restitution" means that which the court has properly ordered, not that which the court has never ordered.

The second meaning contravenes RCW 13.40.127(5). As already seen, that statute states in part that "any juvenile granted a deferral of disposition . . . shall be placed under community supervision," and that "[p]ayment of restitution . . . shall be a condition of community supervision." If a juvenile must be under community supervision during a period of deferral, and if restitution is a condition of such supervision, restitution must be set during, not after, the period of deferral.

The second meaning also contravenes the remainder of

---

[14] CP at 25-26.

[15] Br. of Appellant at 1.

[16] RCW 13.40.127(9).

RCW 13.40.127(9), which states or implies that the juvenile court shall make or withhold its finding of full restitution "[a]t the conclusion of the period set forth in the order of deferral." A juvenile court can comply only if restitution is set before the conclusion of that period.

Reading RCW 13.40.127 as a whole,[17] we conclude that the words "payment of full restitution" as used in RCW 13.40.127(9) mean restitution properly ordered by the court during but not after the conclusion of the period of deferral. We do not reach the question of when during the period of deferral restitution must be ordered, for that is not necessary to this case. It is at least arguable, we note, that restitution must be set in the order of deferral itself;[18] or at a hearing scheduled at the time the order of deferral is entered for a date not more than 180 days away;[19] or within the duration of any "agreed extension."[20]

Turning to this case, we assume (without so holding) that the juvenile court could have set restitution at any time during the period of deferral (October 7, 1998 to October 6, 1999). We hold that the juvenile court could not set restitution after the conclusion of the period of deferral (after October 6, 1999). The juvenile court so ruled, and thus we affirm.

HUNT, A.C.J., and SEINFELD, J., concur.

[17] *State v. Young*, 125 Wn.2d 688, 696, 888 P.2d 142 (1995) ("A statute must be read as a whole giving effect to all of the language used."); *Weyerhaeuser Co. v. Tri*, 117 Wn.2d 128, 133, 814 P.2d 629 (1991) ("[E]ach provision of the statute should be read in relation to the other provisions, and the statute should be construed as a whole." (citation omitted)).

[18] RCW 13.40.127(5) requires that community supervision be imposed in the order of deferral and that restitution be a condition of community supervision.

[19] RCW 13.40.127(5) requires that restitution be paid "under RCW 13.40.190," and RCW 13.40.150(3)(f) requires that the amount of restitution to be included in an order entered under RCW 13.40.190 be established within 180 days of disposition unless the court finds good cause for additional delay.

[20] *See State v. Mollichi*, 132 Wn.2d 80, 936 P.2d 408 (1997). *Mollichi* holds that a restitution order may be entered during an "agreed extension." It arguably applies to deferred dispositions as well as to other dispositions. The record shows that A.K.B. agreed to a 180-day extension but offers no explanation for why restitution was not set during that period of time.