[No. 39279-4-I.   Division One.   January 20, 1998.]

The State of Washington, *Respondent*, v. Mauricio
Solomon Flores-Serpas, *Appellant*.

*Oliver R. Davis* of *Washington Appellate Project*, for appellant.

*Norm Maleng, Prosecuting Attorney*, and *Francisco A. Duarte, Deputy*, for respondent.

AGID, J. — Mauricio Flores-Serpas appeals his sentence for delivery of cocaine. The trial court added an extra point to his offender score because it found that he was still on community placement when he committed this offense. Although more than a year had expired, the court concluded that the community placement time imposed for his prior conviction was tolled when he was arrested and deported by the United States Immigration & Naturalization Service (INS). Because the language of the tolling statute refers only to voluntary absences from postrelease supervision, we conclude that Flores-Serpas' community placement time was not tolled by deportation, a decidedly involuntary act. We therefore reverse and remand for resentencing.

## FACTS

On July 10, 1996, a jury found Flores-Serpas guilty of delivering cocaine within 1,000 feet of a school bus route stop. On August 2, 1996, the trial court sentenced him within the standard range to a total of 60 months (36 months plus the 24-month enhancement) based on an offender score of three. Two of those points represented prior convictions. The third was based on the Department of Correction's (DOC) determination that the current offense

was committed while Flores-Serpas was still on community placement for his prior conviction.[1]

Flores-Serpas was convicted on December 18, 1992, and sentenced to 12 months confinement and 12 months community placement. He was released to community placement on December 17, 1993. On August 30, 1994, with just under three months of community placement remaining, INS arrested and deported him. DOC learned that Flores-Serpas had returned to the United States only when he was arrested for the current offense.[2] The trial court agreed with DOC that his community placement time was tolled when he was arrested and deported by INS. Because there were, under that interpretation, three months of community placement remaining, the court decided his offender score was three.

## DISCUSSION

Flores-Serpas contends that his community placement time expired before he committed the current offense. The parties agree that, without the extra point based on Flores-Serpas' being on community placement at the time of the current offense, his offender score would be two. They also agree that RCW 9.94A.280 does not apply in this case because it is limited to incarcerated individuals released to INS by DOC. But the State argues that Flores-Serpas' community placement time was tolled under RCW 9.94A.170(2), which provides:

A term of supervision, including postrelease supervision

[1]RCW 9.94A.360(18) provides that "[i]f the present conviction is for an offense committed while the offender was under community placement, add one point."

[2]While the State asserts that Flores-Serpas was informed at the time of his arrest by INS that he must report to DOC on his return to the United States, there is nothing actually in the record that supports this contention. The document the State has attached as an appendix to its brief has not been made a part of the record on appeal. *See Crista Senior Community v. Department of Soc. & Health Servs.*, 77 Wn. App. 398, 412 n.3, 892 P.2d 749 (1995) (court will not consider appendices that have not been properly designated for transmittal to the Court of Appeals or made a part of the trial court record below), *citing State v. Krall*, 125 Wn.2d 146, 149, 881 P.2d 1040 (1994).

ordered in a sentence pursuant to this chapter shall be tolled during any period of time during which the offender has *absented himself or herself* from supervision without prior approval of the entity under whose supervision the offender has been placed.

(Emphasis added.) We conclude that, given the Legislature's use of the active voice in the phrase "absented himself or herself," this provision is limited to those who voluntarily absent themselves from supervision. Had the Legislature intended that this provision extend to involuntary absences, it would presumably have used passive language such as "is absent from supervision" to so indicate. There are any number of circumstances that could result in an offender's involuntary absence from community supervision, *e.g.*, a material witness warrant in a case in another state or a warrant to stand trial for a crime in another jurisdiction. The language of RCW 9.94A.170(2), however, suggests that it was aimed at absconders, not those who are involuntarily absent for reasons such as these. Absent any indication that the Legislature intended to toll the expiration of community placement when the defendant is involuntarily absent from supervision, we decline to read this language to extend to every absence, no matter what the reason. Because there is no question that Flores-Serpas' absence from the jurisdiction was involuntary, his community placement time was not tolled under RCW 9.94A.170(2).

The trial court noted that the sentence of 36 months before enhancement was within the standard range of 36 to 48 months for an offender score of three and also within the standard range of 31 to 41 months for an offender score of two, implying that it would have imposed the same sentence regardless whether his offender score was two or three. Because the sentence range under which Flores-Serpas was actually sentenced was not the correct sentence range, we decline to rest on this implication.

Reversed and remanded for resentencing.

GROSSE and ELLINGTON, JJ., concur.