

COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Personal Restraint of RAI GOULSBY, | ) ) ) ) ) ) ) ) | No. 40787-0-III |
| Petitioner. | | UNPUBLISHED OPINION |

COONEY, J. — Rai Goulsby seeks relief from personal restraint, claiming the Department of Corrections (DOC) failed to properly calculate and credit his time served on two revoked drug offender sentencing alternatives (DOSA). We find all but one of Mr. Goulsby's challenges without merit. The remaining meritorious challenge involves the DOC's failure to credit Mr. Goulsby for a single day he served while attending inpatient treatment. Nevertheless, we find Mr. Goulsby's contentions moot because the DOC credited him for the missing day during the pendency of this matter.

No. 40787-0-III
*In re Personal Restraint of Goulsby*

BACKGROUND

On May 3, 2023, Mr. Goulsby pleaded guilty to possession of a stolen motor vehicle and identity theft under separate cause numbers. Mr. Goulsby received 2 concurrent DOSAs totaling 25 months of confinement and 25 months of community custody. Mr. Goulsby was released to community custody on December 26, 2023, after serving the first half of his DOSA in prison.

Prior to his release to community custody, Mr. Goulsby signed a "Conditions, Requirements, and Instructions" agreement. Hamann Decl., Attach. C at 12-15. Among other provisions, the agreement notified Mr. Goulsby he was required to check in weekly or as otherwise directed by his community custody officer (CCO), and that any periods for which he was unavailable for supervision—such as incarceration or on abscond status—would be tolled and not count toward his supervision period.

Mr. Goulsby successfully reported from the date of his release in December to March 12, 2024. Consequently, the dates Mr. Goulsby claims he was deprived credit occurred in 2024. Between March 12 and April 11, Mr. Goulsby's time was tolled for non-DOC confinement. Mr. Goulsby successfully reported to his CCO on his release from confinement. However, a warrant was issued for Mr. Goulsby's arrest when he failed to report to his CCO on April 25. On April 30, Mr. Goulsby's CCO received a telephone call from Spokane Treatment and Recovery Services (STARS) stating Mr. Goulsby was undergoing a treatment assessment at STARS. Mr. Goulsby's CCO

2

spoke with Mr. Goulsby during this telephone call and informed him that a warrant had been issued due to his failure to report on April 25. Mr. Goulsby indicated, "Thursday" when asked by his CCO when he planned on reporting. Suppl. Hines Decl., Attach. A at 4. Mr. Goulsby did not report on Thursday.

Mr. Goulsby was scheduled to undergo an intake for intensive outpatient treatment on May 2 at 1:00 p.m. with STARS. However, STARS turned Mr. Goulsby away because he arrived 30 minutes late for the appointment and rescheduled his intake appointment to May 6 at 10:00 a.m. STARS called Mr. Goulsby's CCO when Mr. Goulsby returned on May 6. During that telephone call, Mr. Goulsby's CCO relayed that Mr. Goulsby still needed to report, and there was an existing warrant for his arrest. Mr. Goulsby reported the same day, and the warrant was cancelled. He was next scheduled to report on May 14 by noon. The DOC tolled the period between April 25 and May 6 because Mr. Goulsby failed to check in with his CCO.

Mr. Goulsby again failed to report to his CCO as directed on May 14. The DOC issued another warrant for Mr. Goulsby's arrest. On May 17, Mr. Goulsby's CCO confirmed that Mr. Goulsby was at Sunray Court for inpatient treatment and experiencing withdrawals. The DOC tolled Mr. Goulsby's time between May 14, when he failed to appear, and May 17, the date the DOC received confirmation that Mr. Goulsby was attending inpatient treatment.

3

While at Sunray Court, Mr. Goulsby suffered an eye infection for which he received medical treatment. Notwithstanding his condition improving under the active care of an eye doctor, Mr. Goulsby left inpatient treatment on May 28 against the advice of staff citing his eye infection as the reason. Mr. Goulsby reported to his CCO that same day. He was directed to report again on June 3.

On June 13, the DOC held a hearing on allegations that Mr. Goulsby failed to comply with the terms of his DOSA. The DOC alleged Mr. Goulsby had (1) absconded from supervision on or around April 25, (2) failed to comply with his DOSA program by being terminated from treatment on or around May 16, and (3) failed to comply with inpatient treatment by aborting on or around May 28. Mr. Goulsby was found guilty of absconding from supervision on or around April 25, but not guilty on the treatment-related allegations. Mr. Goulsby was sanctioned to 15 days of confinement for the violation. He was directed to re-engage in inpatient treatment within one week of his release, successfully complete the same, and report to his CCO within one business day of leaving treatment. Mr. Goulsby's DOSA was otherwise left in place.

Mr. Goulsby was released from his 15-day sanction on June 25. He was directed to report on June 27 but failed to do so. The next day, June 28, Mr. Goulsby was arrested and booked into the Kootenai County Jail in Idaho on a bench warrant for non-DOC charges. The DOC tolled Mr. Goulsby's time from June 27 to June 28, the date he was booked into jail, for failure to report.

4

Mr. Goulsby was released from the Kootenai County Jail on July 3. The DOC tolled the five days Mr. Goulsby served in Kootenai County Jail for non-DOC confinement.

On July 7, four days after he was released from the Kootenai County Jail, Mr. Goulsby was booked into Spokane County Jail for driving under the influence of an intoxicant (DUI). Because Mr. Goulsby still had not reported to his CCO as directed on June 27, the DOC tolled the time after Mr. Goulsby was released from Kootenai County Jail to the time he was booked into Spokane County Jail, July 3 through July 7, for failure to report.

Mr. Goulsby was released from the Spokane County Jail for his DUI arrest on July 8. The DOC tolled Mr. Goulsby's day in the Spokane County Jail for non-DOC confinement. The DOC issued another warrant for his arrest when Mr. Goulsby failed to report to his CCO after he was released from the Spokane County Jail.

On July 15, Mr. Goulsby called his CCO and was informed of the existing DOC warrant. Mr. Goulsby indicated he would report the next day but failed to do so. On August 7, Mr. Goulsby was arrested on the DOC warrant. The DOC tolled the time between Mr. Goulsby's release from the Spokane County Jail to the date he was arrested on the DOC warrant for failure to report.

Mr. Goulsby was incarcerated on August 14 when the DOC revoked his DOSAs. The DOC backdated Mr. Goulsby's total confinement date to August 7, the date he was arrested and booked on the DOC warrant.

Mr. Goulsby timely filed the present petition on November 20, 2024.

ANALYSIS

Mr. Goulsby's petition sets forth three primary grounds for relief. He argues: (1) the time he spent incarcerated in Idaho on an unrelated matter was not "non-DOC confinement" under RCW 9.94A.171(3), but instead an "involuntary absence" recognized by *State v. Flores-Serpas*, 89 Wn. App. 521, 949 P.2d 843 (1998), as an exception to RCW 9.94A.171(2), and therefore the DOC should not have tolled his time served; (2) the DOC failed to credit him for time served between August 7 and August 22 while the outcome of his DOSA revocation hearing was pending; and (3) the DOC mischaracterized 19 days across different periods as "failure to report," therefore tolling his time served when he should have instead received credit.

The petitioner of a personal restraint petition bears the burden of showing he is under an unlawful restraint. *In re Pers. Restraint of Gronquist*, 192 Wn.2d 309, 319, 429 P.3d 804 (2018). Where, as here, the petitioner "has not had a prior opportunity to judicially appeal the issues presented . . . he is not required to make any threshold showing of prejudice." *Id*. A DOC action that wrongfully denies an inmate credit for

6

time served is an unlawful restraint. *In re Pers. Restraint of Costello*, 131 Wn. App. 828, 832, 129 P.3d 827 (2006).

RCW 9.94A.171 sets forth certain instances when community custody is tolled. In pertinent part to the present matter, an offender's time is tolled where "the offender has absented himself or herself from supervision without prior approval" or "the offender is in confinement for any reason." RCW 9.94A.171(2), (3)(a). Tolling is the "period of time in which community custody or confinement time is paused and for which the offender does not receive credit towards the term ordered." RCW 9.94A.171(5). As the entity responsible for Mr. Goulsby's supervision, the DOC is responsible for establishing when Mr. Goulsby's time tolls. RCW 9.94A.171(4).

IDAHO CONFINEMENT

Mr. Goulsby first challenges the 36 days the DOC tolled as non-DOC confinement for the periods Mr. Goulsby spent incarcerated in Idaho[1] on matters unrelated to the present DOSAs. Mr. Goulsby concedes he was incarcerated in Idaho on an unrelated matter for these days but contends this time was an "involuntary absence" which he argues is an exception to RCW 9.94A.171(2) as set forth in *State v. Flores-Serpas*. The DOC contends *Flores-Serpas* is inapposite because Mr. Goulsby's time was tolled for

---

[1] The 36 days Mr. Goulsby references include at least one day spent in the Spokane County Jail for his DUI arrest.

non-DOC confinement and not an involuntary absence as was the case in *Flores-Serpas*. We agree with the DOC.

In *Flores-Serpas*, Mr. Flores-Serpas was convicted of a crime in 1992 and sentenced to 13 months of confinement and 12 months of community custody. Mr. Flores-Serpas was deported with fewer than three months of his community custody sentence remaining. He later returned to the United States. After his return, Mr. Flores-Serpas was arrested and later found guilty of delivering cocaine. Finding Mr. Flores-Serpas had been on community custody when he was arrested for delivering cocaine, the sentencing court added one point to his offender score. Mr. Flores-Serpas argued his community custody time expired prior to his commission of the offense in question. The DOC contended Mr. Flores-Serpas' time had tolled under a prior version of RCW 9.94A.171(2) [2] because Mr. Flores-Serpas was absent from supervision after he was deported. The trial court agreed with the DOC that Mr. Flores-Serpas' time had tolled.

The Court of Appeals reversed. It noted the statute tolled the period of time "during which the offender has *absented himself or herself* from supervision without prior approval of the entity under whose supervision the offender has been placed." *Flores-Serpas*, 89 Wn. App. at 524 (quoting former RCW 9.94A.170(2)). The use of the

---

[2] Former RCW 9.94A.170(2) recodified as RCW 9.94A.171(2) (LAWS OF 2001, ch. 10, § 6; LAWS OF 2008, ch. 231, § 56).

active language "absented himself or herself," the court concluded, required the absence to be voluntary. *Id.* Finding Mr. Flores-Serpas' deportation absence involuntary, the appellate court found that the challenged period of time had not tolled.

As noted by the DOC, *Flores-Serpas* is inapplicable because Mr. Goulsby's time was not tolled for an involuntary absence as was the case in *Flores-Serpas*. Instead, the DOC tolled the challenged 36 days for non-DOC confinement under RCW 9.94A.171(3).[3] By Mr. Goulsby's own admission, he was in confinement during this period. The DOC lawfully tolled 36 days for non-DOC confinement under RCW 9.94A.171(3). Mr. Goulsby fails to demonstrate he was unlawfully restrained for the 36 days he was confined on unrelated matters.

CREDIT FOR TIME WHILE THE DOSA REVOCATION HEARING WAS PENDING

Mr. Goulsby argues he did not receive credit for time served between August 7 and August 22 while the outcome of his DOSA revocation hearing was pending. Mr. Goulsby is mistaken. The DOC backdated Mr. Goulsby's total confinement to August 7, the date he was booked on the DOC warrant. Mr. Goulsby therefore received credit from that date through the date of the DOSA hearing, and thereafter to the present.

---

[3] This includes time spent in jail in both Idaho and Spokane County on matters unrelated to the convictions underlying the present DOSAs.

Mr. Goulsby therefore fails to provide a factual basis demonstrating he was unlawfully restrained during the period between August 7 and August 22.

19 DAYS CHARACTERIZED AS "FAILURE TO REPORT"

Mr. Goulsby argues the DOC mischaracterized 19 days across different periods as "failure to report," therefore tolling his time served when he contends he should have instead received credit. Specifically, Mr. Goulsby challenges the time periods between April 25 to May 6, May 14 to May 17, June 27 to June 28, and July 3 to July 7.

*April 25 to May 6*

The DOC tolled Mr. Goulsby's time from April 25 to May 6 for failing to report to his CCO. Mr. Goulsby contends he was only found guilty of absconding for a single day, April 25, and not for this 11-day period. Mr. Goulsby argues he was attending inpatient treatment during this time and should have received credit. Mr. Goulsby is mistaken on the facts.

At the outset, Mr. Goulsby's reliance on the June 14 "Hearing and Decision Summary" is misplaced. Hamann Decl., Attach. C, at 22. He contends that document reflects that he was found guilty of absconding for only one day: April 25. Mr. Goulsby misreads the Hearing and Decision Summary. The Hearing and Decision Summary states, "[a]bsconding from supervision *since* o/w 4/25/24." Hamann Decl., Attach. C, at 22 (emphasis added). The Hearing and Decision Summary and the underlying facts support the DOC's position that Mr. Goulsby failed to report from April 25 to May 6.

10

As outlined above, Mr. Goulsby failed to report to his CCO on April 25, and his CCO issued a warrant for his arrest. On April 30, a date squarely in the middle of the time he contends he was in treatment, Mr. Goulsby's CCO received a telephone call from STARS confirming that Mr. Goulsby was undergoing a treatment assessment for intensive outpatient treatment at the facility. Mr. Goulsby's CCO spoke with Mr. Goulsby during this telephone call and informed him a warrant was issued for his failure to report on April 25. Additionally, although Mr. Goulsby was scheduled to enter intensive outpatient treatment on May 2, his intake was rescheduled to May 6 because he arrived late to his May 2 appointment. Mr. Goulsby ultimately reported to his CCO on May 6, after it was relayed to Mr. Goulsby at his rescheduled STARS intake appointment that he had an outstanding warrant and needed to report to his CCO to have it cancelled.

The DOC properly tolled this time for Mr. Goulsby's failure to report. Mr. Goulsby fails to provide a factual basis demonstrating he was unlawfully restrained for the period between April 25 and May 6.

### *May 14 to May 17*

At the time Mr. Goulsby filed the present petition, the DOC records reflected that the DOC tolled Mr. Goulsby's time from May 14, the date he was to report to his CCO, to May 17, the date the DOC was first able to confirm Mr. Goulsby was in inpatient treatment at Sunray Court. Mr. Goulsby concedes he did not report on May 14, but again

contends the reason he did not report was because he was attending inpatient treatment at Sunray Court. As a result, Mr. Goulsby contends he should have received three additional days of credit for time spent in treatment.

Mr. Goulsby is correct that an individual subject to a DOSA is entitled to receive credit for time served while in treatment. RCW 9.94A.660(7)(d).

On May 19, 2025, this court requested the DOC provide confirmation of the date of Mr. Goulsby's intake into treatment at Sunray Court during the month of May 2024. Letter from Tristen Worthen, Clerk of Court, *In re. Pers. Restr. of Goulsby*, No. 40787-0-III (Wash. Ct. App. May 19, 2025). In response, the DOC supplemented the record with a declaration confirming Mr. Goulsby entered treatment on May 16, 2024.[4] Because the DOC had previously been under the impression Mr. Goulsby had not entered Sunray Court until May 17, it adjusted Mr. Goulsby's credit for time served by one day.

At the time Mr. Goulsby filed his petition, the DOC had not credited the one-day of confinement for time spent in treatment. Thus, Mr. Goulsby has demonstrated he was unlawfully restrained. However, because the DOC credited Mr. Goulsby with the one-day he was entitled to during the pendency of this matter, this issue is now moot.

---

[4] Mr. Goulsby was given an opportunity to respond to the DOC's supplemental information but did not. Letter from Tristen Worthen, Clerk of Court, *In re. Pers. Restr. of Goulsby*, No. 40787-0-III (Wash. Ct. App. July 18, 2025).

*Donovan v. State*, 21 Wn. App. 642, 645, 586 P.2d 540 (1978) (A case is moot if this court can no longer provide effective relief.).

### June 27 to June 28 & July 3 to July 7

Mr. Goulsby contends he "does not recall these days, nor why [the DOC would] characterize [them] as [failure to report]." Reply Br. at 7. Nevertheless, Mr. Goulsby contends that he was required to report on a weekly basis, had successfully reported on June 27, and therefore should not have been required to report the next day on June 28. As a result, Mr. Goulsby argues "based on logic" his time should not have tolled for failure to report during this period. *Id.* The DOC explains that Mr. Goulsby was released from a 15-day sanction for violating his DOSA in June and was directed to report on June 27 but failed to do so. As a result, the DOC asserts it properly tolled Mr. Goulsby's time for failure to report for the periods of June 27 to 28 and July 3 to 7. We agree with the DOC.

Mr. Goulsby was sanctioned to 15 days in jail for violating his DOSA. He was released on June 25. The next day, Mr. Goulsby called his CCO who directed Mr. Goulsby to report on June 27 by 9:00 a.m. Mr. Goulsby failed to report as directed. Mr. Goulsby was booked into Kootenai County Jail on June 28. This accounts for the one-day of tolling from June 27 to 28 based on the failure to report.

With respect to the period of time from July 3 through July 7, Mr. Goulsby was released from Kootenai County Jail on July 3 and then booked into Spokane County Jail

13

for DUI on July 7. Because Mr. Goulsby still had not reported to his CCO since he was last directed to on June 27, his time continued to be tolled for failing to report for the period between his jail release from the Kootenai County Jail on July 3 and his jail booking into the Spokane County Jail on July 7.

By his own admission, Mr. Goulsby cannot recall these dates. Mr. Goulsby fails to demonstrate he was unlawfully restrained for these periods.

CONCLUSION

We find Mr. Goulsby's contention that he was unlawfully restrained for one day— May 16—meritorious but moot. Mr. Goulsby's remaining contentions are without merit. His petition is therefore denied. We also deny Mr. Goulsby's motion to accelerate review as moot.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Cooney, J.

WE CONCUR:

_____
Murphy, M.

_____
Staab, A.C.J.

14